## SHEFTALL *et al. v.* ZIPPERER.

1. The plaintiff's declaration containing allegations showing an unlawful entry upon the plaintiff's premises by the defendants, it was competent for him to set forth acts and sayings of one defendant, after the unlawful entry, as the basis for the recovery of punitive damages.
2. The plaintiff having brought his action against the defendants for the unlawful entry of a house occupied by himself and family as a dwelling, and the evidence being conflicting upon the question as to whether the defendants entered upon invitation and by permission given by the plaintiff's wife, the plaintiff himself being absent from home at the time of the entry, it was error for the court to give to the jury instructions authorizing them to find in favor of the plaintiff damages for an illegal search independently of the alleged trespass by illegal entry upon the premises of the plaintiff, the plaintiff not having declared on the case for an illegal or unauthorized search, but having confined his allegations in the petition to the charge or illegal entry and invasion of his home and certain alleged aggravating circumstances.

Argued June 17,—Decided November 19, 1909.

Action for damages.    Before Judge Charlton.    Chatham superior court.    November 14, 1908.

Israel T. Zipperer filed suit for general and punitive damages against Solomon Sheftall and Julius Stark, setting forth, in paragraphs 2, 3, and 6 of his petition as amended, the following allegations:

"2nd.    That on said November 27th, 1906, while your petitioner was absent from his home, and while the same was occupied by his wife and his four children, one Solomon Sheftall, a wholesale merchant of Savannah, Chatham County, Georgia, accompanied by one Julius Stark, a member of the police force of the City of Savannah, unlawfully, wilfully, and with malice invaded your petitioner's home, without having any lawful warrant or authority to so invade, and not having seen any crime committed by petitioner or other member of his household, and entered the room in which your petitioner's wife was confined with her infant child, a babe only two weeks old.

"3rd.    Your petitioner shows that his said wife demanded of the said Sheftall and the said Stark the reason for their unlawful, violent, and malicious entry of the privacy of her room, and, in reply to her demand, the said Sheftall stated that they were in search of a sack of rice stolen from him by her husband and secreted in her home, thereby meaning that your petitioner had stolen a sack of rice from him (the said Sheftall), and had concealed the rice so stolen in his (petitioner's) home; the which is here alleged as an element of aggravating circumstances to authorize a recovery of punitive damages, and not as the basis herein of an action of slander.

"6th.    Your petitioner further shows that the unlawful acts above described show aggravating circumstances, both in the act and in the intent, which entitle your petitioner to recover not only general damages, but also punitive damages, as set out and provided for in sections 3906 and 3907 of the Civil Code of 1895; and by reason of the foregoing, your petitioner has been endamaged in the sum of five thousand dollars ($5,000)."

The last clause in paragraph 3 above quoted, to wit: "the which is here alleged as an element of aggravating circumstances to authorize a recovery of punitive damages, and not as the basis herein of an action of slander," was added by way of amendment

and in substitution for the following language originally con-
tained in said paragraph, to wit: "and thereby imputing to your
petitioner the commission of a crime punishable by law." To the
allowance of this amendment the defendants excepted.

Upon the trial of the case the plaintiff's wife testified that she
was in her bedroom upstairs over the store where her husband
worked; that she was sick from having given birth to a child
just two weeks before; that she was sitting beside her bed not fully
dressed, having on only a wrap; that before she knew anything the
defendants entered her bedroom, unexpectedly and uninvited, and
that they frightened her; that they told her they were hunting a
sack of rice that Zipperer had stolen and put upstairs; and that
both defendants looked under the bed. Her testimony as to the
defendants entering her bedroom without invitation was corrob-
orated by a servant girl. The evidence on the part of the defend-
ants was as follows: A sack of rice had been stolen from Shef-
tall's trucks between the railroad warehouse and his store. He was
first informed of this by a telephone message from a party who
would not give his name, but who stated that the driver had left
one sack of rice at Zipperer's place. Mr. Sheftall notified the
police authorities, and they sent Stark to ferret out the larceny.
After satisfying themselves that the rice was missing, Sheftall
and Stark went to where Zipperer and his family lived up over the
store. They knew that Zipperer was not up there, but went to
inquire of his wife where he was, in order to get information in
regard to the rice. When they reached the landing, Mrs. Zip-
perer saw them and invited them in. They went into the room
where she was, and, after inquiring as to the whereabouts of her
husband, told her that they understood that Mr. Sheftall's driver
had left a sack of rice there and they wanted to see Zipperer about
it. They testified that they did not make any search whatever;
did not look under any bed; in fact did not enter any bedroom at all.
A verdict was rendered for the plaintiff against the defendants
for $625. The defendants made a motion for a new trial, which
being overruled by the court, they excepted.

*Osborne & Lawrence,* for plaintiffs in error.

*Oliver & Oliver,* contra.

BECK, J. (After stating the facts.)

1. The court did not err in allowing the amendment to the

plaintiff's petition which set forth certain aggravating circumstances in the conduct of defendants, after having alleged an unlawful entry into the dwelling-house of the petitioner, as a basis for the recovery of punitive damages. While the sayings of the defendant after the entry were abandoned as a basis for an action of slander, it was competent for the plaintiff to so distinctly allege in his amendment, and to insist upon the acts and sayings of the defendant, after the entry, as constituting an element of his case, to be considered by the court and jury in passing upon the question as to whether punitive damages should or should not be awarded.

2. In one ground of the motion for a new trial the plaintiffs in error complained that the court refused a request to give, without qualification, the following in charge: "This suit is not brought for any act or thing done or words spoken in the store where it is claimed defendants looked at or for the rice. The pleadings are confined to acts and things done in plaintiff's home, and no act or thing done in the store mentioned in the evidenc can be considered as an element of liability in this case. If you find from the evidence that the defendants went up stairs to the place claimed to be the house of the plaintiff, for the purpose of inquiring of plaintiff's wife as to the whereabouts of the plaintiff, and that they entered a room or rooms therein by the invitation of plaintiff's wife, and entered no other room or place except at the invitation of plaintiff's wife, your verdict should be for the defendant." The court gave the charge as requested, but added to it the following qualification: "I add to that, gentlemen of the jury, if after entering a room at the invitation of plaintiff's wife they did no act towards making a search; because whether they went in of their own volition or by invitation, if without invitation they made a search, that would be a violation of plaintiff's rights, and damages could be recovered." Among other criticisms upon this charge, made in the motion for a new trial, is the following: "The action was brought quare clausum fregit. The trespass alone could give a right of action. The alleged search gave no right of action independent of this trespass." The criticism upon the charge set forth points out error that was material and harmful to the defendants in error. In the petition complaint is made against the defendants of unlawful entry and invasion of a room

occupied by the plaintiff and his wife as a residence, "without having any lawful warrant or authority to so invade." The case stated in the petition, while it is inartistically drawn, is clearly one of quare clausum fregit; and while aggravating circumstances in the tort, in consequence of the alleged saying and conduct of the defendant after having entered the room where the plaintiff's wife was at the time of the entry, are alleged, the unlawful entry itself is the only wrong complained of in the petition. There is not in the declaration any attempt to declare upon any acts or sayings of the defendant, except such as were incidental to the unlawful entry. It is not even alleged in the most general terms that the defendants made any search whatever of the house or person after having entered; but the charge of the court last quoted above and excepted to in the ground of the motion now under consideration authorized the jury to award damages if they should find that the defendants made an unauthorized search, even in case they had entered the room by invitation. If the defendants entered the room by invitation and permission of the occupant of the room, the wife of the plaintiff, subsequent abuse of the license, by making an unreasonable or unlawful search, or in any other way, would not render the party entering by permission a trespasser ab initio, although he might be liable on the case for the wrong and injury inflicted after having thus entered by permission. In the case of The Six Carpenters, 8 Coke 146 (1 Smith's Leading Cases, 9th ed. 261), a leading case, it was said: "And first, it was resolved when entry, authority, or license is given to any one by the law, and he doth abuse it, he shall be a trespasser ab initio; but where an entry, authority, or license is given by the party, and he abuses it, there he must be punished for his abuse, but shall not be a trespasser ab initio. And the reason of this difference is, that in the case of a general authority or license of law, the law adjudges by the subsequent act, *quo animo,* or to what intent he entered, for *acta exteriora indicant interiora secreta. Vide* 11 H. 4, 75 b. But when the party gives an authority or license himself to do anything, he can not, for any subsequent cause, punish that which is done by his own authority or license." And in Cooley on Torts (2d ed.), 372, we find the following: "In these cases the law has given an authority which the owner can not resist, and as no choice is allowed him in respect to the per-

son who is to exercise it, it is but reasonable that the law which confers the authority should withdraw it wholly when it is abused. But when the party himself grants a license, which he might, at his option, have witheld, there is no reason why the remedy for an abuse should be broader than the abuse itself. The licensee is therefore not a trespasser in his entry, but he is liable on the special case for exceeding his license, for any misconduct after entry." See also the case of Bennett v. McIntire, 121 Ind. 231 (23 N. E. 78, 6 L. R. A. 736), and in the same connection the case of *Roach* v. *Trottie, 50 Ga.* 251. In view of these decisions —and the decided weight of authorities seem to favor this doctrine,—if the defendants entered the room where Mrs. Zipperer was, by permission, the fact that they made an unauthorized search after having entered would not render them trespassers ab inito so as to authorize the maintenance of an action of quare clausum fregit, although it might have, as we have said above, been a sufficient basis for an action on the case, had the plaintiff seen fit to declare on the case, setting up the illegal acts constituting the wrong and injury done by the defendants after entry. But this he did not do; and having failed so to do, the court was not authorized in its charge to submit to the jury a theory of the case which finds no basis in the plaintiff's declaration.

Other portions of the charge are excepted to in the motion; but we do not think that they are open to the criticisms made, except in so far as they tend to mislead the jury as to the right of the plaintiff to recover damages for an unlawful search independently of the question as to whether the defendants were trespassers ab initio.

*Judgment reversed. All the Justices concur.*