FREE GIFT LODGE NO. 25 BROTHERS AND SISTERS OF BENEVOLENCE
*v.* EDWARDS *et al.*

ATKINSON, J. 1. In a bill of exceptions it was stated that "A copy of the petition in said case, with all exhibits attached thereto, is here and now attached and made a part of this bill of exceptions," and that copies of two designated amendments are "here and now attached and made a part of this bill of exceptions." General and special demurrers and the answer filed by the defendants were specified as portions of the record to be certified and sent up by the clerk, and it was stated that "It is not necessary to specify the original petition with exhibits and orders thereon, and neither is it necessary to specify the amendments offered to said original petition and the orders thereon, for the reason that copies of the same are hereto attached and made a part of this bill of exceptions." Following the signature of the attorney of the plaintiff in error to the bill of exceptions are what purport to be copies of the petition and the two amendments, neither of which contains any mark of identification by the judge. Following such copies is the certificate of the judge, which states that "the foregoing bill of exceptions is true, and contains all of the evidence and specifies all of the record material to a clear understanding of the errors complained of," and directs the clerk "to make out a complete copy of such parts of the record material to a clear understanding of the errors complained and certify the same as such, and cause the same to be transmitted to the present term of the Supreme Court, that the errors alleged to have been committed may be considered and corrected." The clerk transmitted copies of the general and special demurrers and the answer filed by the defendants, to which was appended his certificate "that the foregoing pages, hereto attached, contain a true transcript of such parts of the record as are specified in the bill of exceptions and required by the order of the presiding judge to be sent to the Supreme Court." *Held,* that whether or not the failure to specify the petition and amendments as parts of the record necessary to be sent to this court, and the reference to them in the bill of exceptions as attached thereto, was a compliance with the ruling of this court in *Crossley* v. *Leslie,* 130 *Ga.* 782 (61 S. E. 851, 14 Ann. Cas. 703), such failure to

---

Appeal and Error 3 C. J. p. 1398, n. 63 New: 4 C. J. p. 487, n. 20; p. 573, n. 43.
Evidence 23 C. J. p. 47, n. 32.
Injunctions 32 C. J. p. 365, n. 92.

specify and make reference to them in the bill of exceptions does not require dismissal of the writ of error. Civil Code (1910), § 6149 (4); *Thompson* v. *Simmons*, 139 *Ga.* 845 (78 S. E. 419).

2. Upon presentation of a petition for injunction and other relief, the judge granted a temporary restraining order and a rule requiring the defendants to show cause at a time stated why an interlocutory injunction should not be granted. The case was duly continued, and was heard at a subsequent date in accordance with orders of continuance. After the hearing, at which evidence was introduced by both sides, the judge took the case under advisement. At a later date the judge rendered a decision which was set forth in several paragraphs, in the course of which, after expressing certain views of the court on the law and evidence, it was stated: "I refuse to grant the injunction, and the restraining order heretofore granted is dissolved." The language thus quoted was followed by the statement of further views of the court with reference to the case. The decision was in the form of an order signed by the judge. No other order was taken in the case. In the bill of exceptions, after setting forth the order, it was stated that the plaintiff "assigns error thereon, and says that the court erred in dissolving said restraining order, . . and further erred in dissolving said injunction and in refusing to keep the same in force;" and that the judgment "is contrary to law, and is contrary to the evidence," for reasons that were specifically stated. *Held*, that the order should be construed as expressly refusing an interlocutory injunction. The above-quoted portion of the order shows that it was essentially different from that involved in *Touchton* v. *Henderson*, 158 *Ga.* 819 (124 S. E. 529). Error was assigned on the judgment that was rendered, on the ground that it was contrary to the law and evidence; and the fact that the judgment was misnamed by calling it an order "dissolving" the previous restraining and injunctive order would not render the assignment of error insufficient.

3. There was no merit in the motion to dismiss the writ of error.

4. The petition alleged ground for injunctive relief to prevent the defendants from interfering with the plaintiff in the conduct of the business of the corporation and the management and control of its property. The uncontradicted evidence was sufficient to support the allegations relative to such relief, and the judgment refusing such relief was erroneous. *Judgment reversed. All the Justices concur.*

No. 4938. FEBRUARY 15, 1926.

Petition for injunction. Before Judge Park. Putnam superior court. May 26, 1925.

An order was granted by the superior court creating a corporation called "Brothers and Sisters of Benevolence." The purpose of the corporation was "to inculcate among its members the principles of morality and rectitude of conduct, to promote among its members harmony and good will, and to dispense aid and charity to such worthy objects as they may desire." Corporate powers were conferred for carrying out the objects of the corporation.

53

Power was also conferred to establish branch societies, and it was provided that when established such branch societies shall have for themselves respectively the same objects and purposes, privileges, and powers of the parent society, and that all property acquired by such branch societies shall be owned by them separately from the ownership of the parent society. The corporation created a branch society that was called Free Gift Lodge No. 25. After the last-named body came into existence and acquired property, and while it was engaged in carrying out the purposes of its organization, a suit was instituted. In the petition the name of the plaintiff is stated as "Free Gift Society, Brothers and Sisters of Benevolence, No. 25." The petition alleges that petitioners are a corporation under the laws of Georgia, that "said corporation is the mother society, and that Free Gift Lodge No. 25 is one of the branches or subordinates." The defendants are named individuals. A copy of the charter and by-laws is attached to the petition. Other allegations are substantially as follows: Free Gift Lodge No. 25 has designated officers including a president and secretary, and owns a corporate seal, a lodge building, the sum of $300 or more on deposit in a named bank, a ballot-box, certain "grave-digging tools," a key to the lodge building, and books and papers belonging to the society. The defendants have illegally and wrongfully instructed the officers of the bank to dishonor checks of the plaintiff, which has caused the bank to refuse to honor them. The defendants are in illegal and unlawful possession of the rest of the above-mentioned property. They continue to wrongfully interfere with the rights and affairs of the said lodge in the manner above indicated, and by interfering with its meetings and causing disturbances, so that the lodge can not function, and by causing certain members of the lodge to be arrested without cause. The illegal conduct of the defendants has about broken up the lodge. Plaintiffs have a right, under their charter and by-laws, to meet and attend to the business of the lodge without interference by the defendants, and to feel secure from wrongful and illegal arrests so caused. Attached is a list of the lodge's members who are in good standing, and who have authorized the bringing of the suit. The defendants have no authority to act for a majority of the lodge's members. The prayers are, for injunction to prevent the defendants from interfering with the money

of the lodge on deposit in the bank; that the bank be authorized to pay over the funds to the designated president and secretary of the lodge; that the defendants be enjoined from interfering with the petitioners in any way, or any of the persons whose names are contained on the list of membership; that the defendants be required to surrender to the lodge all its property now in their possession; and for general relief. An amendment alleges, that petitioners have no adequate remedy at law; that the action is brought to avoid a multiplicity of actions, and unless the court of equity takes jurisdiction the plaintiff can not function as it has a right to do under its charter, for the reason that all of the money of the lodge is now held up by the unlawful conduct of the defendants, and the plaintiff can not pay its debts and carry on its affairs; and that, unless the court of equity grants relief, the members of the lodge can not even meet for the purpose of transacting its business, as it has a right to do under its charter and by-laws. Another amendment alleges that the defendants are not members of the society; that they have been expelled therefrom for nonpayment of dues and fines imposed upon them under the charter and by-laws of the corporation; that they can have no voice in the affairs of the corporation, for the reason that under the charter and by-laws they are no longer members of the society; that the matters and things in dispute in this litigation have been submitted to the proper authorities of the corporation, as provided by the charter and by-laws, and the authorities have held that the parties whose names appear attached to the original petition are the members of said society in good standing, and are the parties authorized to manage the affairs of the society and conduct its business; that defendants, with the help of a few others who had formerly been members but are not now members in good standing, have closed the lodge building and refuse to allow the rightful members of the society to use the same as a place of meeting, all of which is contrary to the provisions of the charter of the corporation and the laws and constitution of the State.

The defendants filed a general demurrer on the ground that the allegations of the petition did not allege a cause of action, or show that the plaintiffs were entitled to any equitable relief. Also a special demurrer on the grounds, that the petition fails to show whether it is brought by Brothers and Sisters of Benevolence or

by Free Gift Lodge No. 25; that it fails to allege that institution of the action was authorized by formal corporate action; that the petition seeks to enjoin commission of criminal offenses; that it does not appear that the plaintiffs have attempted to obtain redress within the parent corporation in accordance with its charter and by-laws; that they seek redress against the bank without making it a party; that the principal purpose of the suit is to secure possession of personal property, for which plaintiffs have an adequate remedy at law; that it does not clearly appear whether the title to the property is in the parent corporation or the Free Gift Lodge; that it is not alleged by what specific action or conduct the defendants have interfered with the meetings; and that the alleged arrest of members of the lodge is a matter exclusively within the jurisdiction of the courts. The defendants also filed an answer in which corporate existence of the parent and branch corporation is admitted, but they deny that institution of the action was authorized by either of the corporations. They deny that the persons alleged in the petition to be officers are officers of the Free Gift Lodge No. 25, and allege that certain of the defendants are such officers. They admit possession of the property referred to in the petition, and the request to the bank not to honor checks drawn by petitioners; and allege that this was lawful on the ground that defendants were the duly constituted officers of the corporation. They deny that institution of the suit by the plaintiffs was authorized by any lawfully held meeting of the lodge, and allege that the consent of individuals claiming to be members of the lodge given in any other way than by vote in a lawfully held meeting is not sufficient authority; and that, with two named exceptions, the persons whose names are stated in the petition were not entitled to vote under section 18 of the by-laws. Other statements in the answer were elaborative of contentions just stated. The answer was positively sworn to. At an interlocutory hearing the plaintiffs introduced affidavits which sustained all of the allegations of the petition as amended. The defendants introduced certain affidavits to the effect that on one occasion there was a violent disorder at one of the meetings, at which certain of the plaintiffs were the aggressors, and that the defendants were not guilty of any disorder; and to the effect that one of the defendants "is now the duly elected and acting president of said Free Gift Lodge."

No other evidence was introduced. The judge granted an order refusing any injunctive relief, and the plaintiffs excepted.

*R. C. Jenkins* and *W. B. Wingfield,* for plaintiff.

*M. F. Adams,* for defendants.