FREE GIFT SOCIETY NUMBER 25 BROTHERS AND SISTERS OF BENEVOLENCE *v.* EDWARDS *et al.*

1. The defendants were not estopped to deny the corporate existence of the alleged plaintiff.
2. "A corporation is a creature of the law. It can not be brought into existence except as the result of express legislation. The conference of power upon persons to organize a corporation is legislative in character, and must be done by direct legislation, or be founded upon legislative or constitutional provisions." The delegation to the superior court of the power to create corporations does not include authority to commit the power thus delegated to a creation brought into existence by virtue of such original grant. In this State there is no provision of the constitution or statute law authorizing the superior court to commit its delegated powers to a corporation created by such court, so as to enable such corporation to itself charter other and separate legal entities.
3. The facts of this case do not establish that the alleged plaintiff is a corporation de facto.
4. As it was apparent from the pleadings that there was no real party plaintiff, a motion to dismiss based upon this ground could be made at any time, and the court did not err in sustaining such motion.

No. 5459.　FEBRUARY 25, 1927.

Equitable petition. Before Judge Park. Putnam superior court. May 7, 1926.

*R. C. Jenkins* and *W. B. Wingfield,* for plaintiff.
*Meriwether F. Adams,* for defendants.

Corporations, 14 C. J. p. 94, n. 59; p. 100, n. 60, 64; p. 132, n. 37; p. 133, n. 41; p. 204, n. 19; p. 214, n. 92; p. 218, n. 14; p. 248, n. 98.
Dismissal, 18 C. J. p. 1185, n. 22.

RUSSELL, C. J.  The plaintiff brought a petition for injunction. Upon the hearing the injunction was refused, and the case was brought to this court by writ of error.  This court then held: "The petition alleged ground for injunctive relief to prevent the defendants from interfering with the plaintiff in the conduct of the business of the corporation and the management and control of its property.  The uncontradicted evidence was sufficient to support the allegations relative to such relief, and the judgment refusing such relief was error."  *Free Gift Lodge No. 25 Brothers and Sisters of Benevolence* v. *Edwards,* 161 *Ga.* 832 (132 S. E. 206).  Except as hereinafter set forth, the petition and amendments thereto, as well as the demurrers and answers of the defendants, are fully set out in the statement of facts in the prior case and need not be repeated.  When the case was called for trial on March 15, 1926, the remittitur had been received by the court below, and the judgment of the Supreme Court was entered by the trial judge as the judgment of Putnam superior court.  Thereupon the plaintiff filed a petition setting forth the decision of this court, and praying that the trial judge grant the injunction prayed for in the original suit, "and as ordered by said Supreme Court of Georgia."  Upon this petition the judge passed an order holding "That the effect of the decision of the Supreme Court amounts to the grant of a new trial, and that under that view of the case, either the plaintiff or the defendants would have a right to offer additional evidence if they desire, and for that reason I refuse to grant the injunction at this time, and I refuse to put the restraining order in force now," and fixed April 9, 1926, as the date for a hearing on said case.  The plaintiff filed exceptions pendente lite, assigning error on this order.  On March 15, 1926, the defendants filed an amendment to their answer, in which they alleged that "The said case is proceeding in the name of 'Free Gift Society Brothers and Sisters of Benevolence, No. 25,' and that there is not now, and was not at the commencement of this action, any such corporation as that named as plaintiff in the petition.  Defendants aver that plaintiff is not a de facto corporation, nor did the persons claiming to compose the alleged corporation, at the commencement of this action, or at any of the times named in plaintiffs' petition, claim in good faith to be a corporation," and prayed that said action be dismissed.  The plaintiff moved to strike this amend-

ment, on the ground that the defendants were estopped to deny the corporate existence of the plaintiff, because defendants admitted in their sworn answer filed in said case that plaintiff was a corporation and had litigated with plaintiff as a corporation in the superior court and the Supreme Court, and because certain named defendants allege in their sworn answer that they are specified officers of said "Free Gift Society No. 25 Brothers and Sisters of Benevolence." The court overruled this motion and refused to strike the amendment of the defendants, and the plaintiff filed exceptions pendente lite to this ruling. By an amendment filed April 9, 1926, the plaintiff added the names of Jeff Cartwright, Rosie Williams, and Kate Rosser, as plaintiffs in their capacity as individuals and as members of Free Gift Lodge No. 25, "also the name of Free Gift No. 25, a branch society of Brothers and Sisters of Benevolence, a corporation under the laws of the State of Georgia, and only a variation of the name Free Gift Society No. 25 Brothers and Sisters of Benevolence." To this amendment the plaintiff attached a copy of the charter granted Free Gift No. 25 by "the parent corporation, Brothers and Sisters of Benevolence," under which charter Free Gift Lodge No. 25 acted and did business, acquired property, money, a seal, minutes, and other property. This amendment also set up the alleged estoppel as set forth in the motion to dismiss.

Upon the hearing on April 9, 1926, the court postponed ruling on the motion to dismiss the petition on the ground that there was no proper party plaintiff, until after a consideration and hearing of the application for injunction and receiver, stating that he would pass upon the motion to dismiss at the time of rendering his decision in the case. Both parties introduced testimony to support the contentions of their respective pleas. The trial judge took the case under advisement, and on May 7, 1926, signed an order dismissing the petition on the ground that it appeared from the pleading and from the evidence introduced that Free Gift Lodge No. 25 Brothers and Sisters of Benevolence had never been incorporated, but said lodge was only a branch society of the Brothers and Sisters of Benevolence, and therefore there is really no party plaintiff, and the suit should be dismissed under the decisions of this court; and for this reason refused to grant a restraining order and appoint a receiver. While the order of the

judge recites that the general demurrer is sustained, in view of the previous statements of the order it is plain that the judge was in fact passing upon the motion to dismiss. In the bill of exceptions the plaintiff excepts to that portion of the order refusing an injunction and the appointment of a receiver, on the grounds: (a) The defendants are insolvent. (b) Plaintiff has no adequate remedy at law. (c) The action was filed to avoid a multiplicity of suits. (d), (e) Defendants have taken possession of the property of plaintiff without due process of law, and hence plaintiff is deprived of its constitutional right as guaranteed by art. 1, sec. 1, par. 3, of the constitution of Georgia. (f), (g), (h) Under the facts and circumstances of the case an injunction should have been granted and a receiver appointed, so that the object for which the corporation was created could be carried out. The plaintiff assigns error on the order dismissing the petition, upon the ground that "said petition was filed in the name of Brothers and Sisters of Benevolence, and that said petition shows that said Free Gift Society No. 25 Brothers and Sisters of Benevolence is a branch of said parent corporation. Plaintiff contends that the sworn answer filed by the defendants admits these facts, and admits that the same was correctly brought; that this fact has been judicially settled, and same is the law of this case, by the Supreme Court of Georgia.

The dismissal of the petition upon the ground that there was no party plaintiff to this action, in that Free Gift Lodge No. 25 Brothers and Sisters of Benevolence was not a corporation, raises the controlling question in the case; for if this decision is correct, the alleged plaintiff can not complain of the rulings of the court prior to the dismissal. The present action arises out of and is based upon disagreements among the members of Free Gift Lodge No. 25, and involves the question as to who is entitled to the custody of the property of the lodge and entitled to conduct its business. The Brothers and Sisters of Benevolence, a corporation chartered by the superior court of Putnam County, is not a party to the action. While an amendment to the plaintiff's petition names certain members of the Free Gift lodge as parties plaintiff as individuals, and a list of names alleged to be those members of the lodge in good standing is attached to the petition, only

"Free Gift Society No. 25 Brothers and Sisters of Benevolence" has excepted to the judgment of the lower court.

1. The plaintiff insists that the defendants are estopped to deny the corporate existence of the Free Gift Society No. 25, because the defendants admitted such corporate existence in their sworn answer, and litigated with plaintiff as such in the superior court and this court in this action. It is also insisted that by the former decision of this case it is judicially settled that the action is proceeding with proper parties, and that the plaintiff is a corporation. It is strenuously argued that even if Free Gift Society is not a corporation de jure, it is at least one de facto. In considering the contention that the defendants are estopped by reason of the admission in their sworn answer, it becomes necessary to consider a portion of the petition and the paragraphs of the answer replying thereto. The petition begins: "The petition of Free Gift Society Brothers and Sisters of Benevolence, No. 25, shows: (1) That petitioners are a corporation under the laws of the State of Georgia, with its domicile in said county. (2) Petitioner shows that said corporation is the mother society, and that Free Gift Lodge No. 25 is one of the branches or subordinates." Paragraph (3) names the defendants. "(4) That a copy of the charter of said corporation is hereto attached, and made a part of this petition. (5) That a copy of the constitution and by-laws of said corporation is hereto attached, and made a part of this petition. (6) That Gus Davis is the president of Free Gift Lodge No. 25, and that J. F. Cartwright is secretary of said Free Gift Lodge No. 25; and petitioner shows that said Cartwright has been secretary of said lodge for seven or eight years. (7) Petitioner shows that said Free Gift Lodge No. 25 is the owner of a seal of the corporation. . . " The defendants demurred to the petition generally and specially, the only ground of demurrer now necessary to state being "That it does not clearly appear in and from said petition whether the same is brought by Brothers and Sisters of Benevolence or by Free Gift Lodge No. 25." In answer to paragraphs one and two of the petition, "defendants admit that Brothers and Sisters of Benevolence is a corporation, and the Free Gift Lodge No. 25 is a subordinate lodge thereof. But defendants deny that the bringing of this action was authorized by either the said corporation or the said lodge, but allege that it is the individual act of Gus Davis,

J. F. Cartwright, and persons associated with them." We can not agree that there is any admission in the portions of the answer relied upon by plaintiff in error that the Free Gift Lodge No. 25 is a corporation. In fact, properly construing the petition of the plaintiff, it is not alleged therein that Free Gift Lodge No. 25 is a corporation, but on the contrary it is expressly alleged that "said corporation is the *mother society,* and Free Gift Lodge No. 25 is one of the *branches* or *subordinates.*" Furthermore, the copy of the charter, constitution, and by-laws "of said corporation," referred to in and attached to the petition, are those of "Brothers and Sisters of Benevolence." While the constitution and by-laws are designated in the petition and amendments as those of said "society and corporation," the exhibits themselves refer only to the "Brothers and Sisters of Benevolence." Thus viewing the petition, we can not hold that the defendants were estopped by their sworn admissions from raising the question of no proper party plaintiff. Especially is this true in view of the demurrer calling upon the plaintiff to designate whether the action was proceeding in behalf of the Brothers and Sisters of Benevolence or of Free Gift Lodge No. 25. Nor do we think, under these facts, that the defendants "litigated with plaintiff as a corporation," and so hold that they are not thereby estopped. An examination of the former decision in this case as found in 161 *Ga.* 832 (supra), plainly discloses that there was no judicial determination that plaintiff in error is a corporation. It is true that the plaintiff is so called therein, but the corporate existence of plaintiff had not then been questioned. The question of whether there was a proper party plaintiff had not then been raised. The sole decision by this court on the merits of the case was that the trial judge erred in refusing an interlocutory injunction. So we hold that the defendants were not estopped by their answer to set up that there was no such corporation as "Free Gift Society Brothers and Sisters of Benevolence," and neither has it been adjudicated to be such by this court.

2. The plaintiff contends that under the charter granted to the mother society (Brothers and Sisters of Benevolence) by the superior court of Putnam County, which gave such mother society authority to establish branches or subordinate lodges, and further provided that such branch societies should have, "when so established, for themselves respectively the same rights, privileges, and

powers as those hereinbefore enumerated for the parent society," the subordinate lodge was authorized to sue, such power having been given to the parent corporation by its charter. The copy of the charter granted "Free Gift No. 25," by the parent society, as attached to the amendment filed April 9, 1926, provides that named persons "are hereby chartered as a branch society of said Brothers and Sisters of Benevolence under the name of Free Gift No. 25, said branch society to be located at Free Gift in the county of Putnam, State of Georgia, and when established and organized shall have all the rights, powers, and privileges conferred upon branch societies by the charter of said Brothers and Sisters of Benevolence, including the right to acquire and own in its own right and for its own benefit any property, real and personal, free from any ownership or control of said Brothers and Sisters of Benevolence." We do not think that the grant in the charter of the Brothers and Sisters of Benevolence, as above quoted, can be construed as contended for by the plaintiff. The language in the charter granted the Brothers and Sisters of Benevolence by the superior court, upon which the plaintiff relies, provides that the society chartered shall have power (in addition to those rights thereinbefore given it, usual to such organizations) "to establish branch societies elsewhere in any portion of said State, the establishment of which shall in each case appear upon the minutes of said society; and said branch societies, when so established, shall have for themselves respectively the same object and purposes only as the parent society, and shall have for themselves respectively the same privileges, powers, and rights as those herein enumerated for the parent society; and all property acquired in any way by such branch societies shall be held and owned by them free from the ownership of the parent society." If the contention of the plaintiff be correct, the superior court of Putnam County, by the grant of the charter to the Brothers and Sisters of Benevolence, delegated to such corporation the right and power to itself create corporations. Thus construed, that portion of the charter would be void. The superior court can not so delegate its power to create corporations. The power which it has to do so upon the applicants for charter in each instance complying with the statutory provisions is itself a delegated one.

The power to create corporations resides in the State. *Brown*

v. *Atlanta Railway Co.,* 113 *Ga.* 462, 468 (39 S. E. 71). Origi-
nally charters were granted only by the General Assembly. "By
the act of 1843, Cobb's Digest, p. 542, it was provided that a pri-
vate corporation for any purpose except banking or insurance
might be 'created' by complying with certain provisions, including
the filing of an application with the superior court and the pass-
ing of an order granting it. By the constitution of 1868 it was
declared that the General Assembly should have no power to grant
corporate privileges to private companies, except certain ones which
were named; 'but it shall prescribe by law the manner in which
such power shall be exercised by the courts.' Code of 1873, § 5068.
The constitution of 1877 contained a similar provision. In 1891
an act was passed proposing an amendment to the constitution,
which was subsequently ratified by the people. Acts of 1890-1891,
p. 59. As thus amended the section reads as follows: 'The Gen-
eral Assembly shall have no power to grant corporate powers and
privileges to private companies, to make or change election pre-
cincts, nor to establish bridges or ferries, nor to change names of
legitimate children; but it shall prescribe by law the manner in·
which such powers shall be exercised by the courts. All corporate
powers and privileges to banking, insurance, railroad, canal, navi-
gation, express, and telegraph companies shall be issued and
granted by the secretary of State in such manner as shall be pre-
scribed by law; and if in any event the secretary of State should
be disqualified to act in any case, then in that event the legislature
shall provide by general laws by what person such charters shall
be granted.' Civil Code, § 5780" (Code of 1910, § 6446).
*White* v. *Davis,* 134 *Ga.* 274, 279 (67 S. E. 716). In 1912 this
paragraph of the constitution was amended so as to provide that
the General Assembly "may confer this authority to grant corpo-
rate powers and privileges to private companies to the judges of
the superior courts in vacation." It will be noted that at present
the superior courts receive their power to create corporations by
virtue of the constitution. This power, however, "shall be" exer-
cised in the manner which the legislature "shall prescribe by law."
There is no provision of our constitution or statute law authoriz-
ing the superior court to commit its delegated powers to a cor-
poration which the court creates by virtue of the power given it
by the constitution and law, so as to authorize the corporation thus

created to itself charter other corporations without regard to the provisions of our law concerning the acts necessary to be done (Code, § 2823, et seq.) before the court itself can create such corporations. "A corporation is a creature of the law. Civil Code, § 1802" (Code 1910, § 2159). "It can not be brought into existence except as the result of express legislation. The conference of power upon persons to organize a corporation is legislative in character, and must be done by direct legislation, or be founded upon legislative or constitutional provisions." *Eminent Household* v. *Thornton,* 134 *Ga.* 405, 411 (67 S. E. 849). The delegation of authority to create corporations carries no such implied power as that contended for in the present case. It was held in *White* v. *Davis,* supra, that the superior court could not accept the voluntary surrender of a charter by a corporation. In that case it was said: "It by no means follows that the conferring on a governmental agency of the power to issue charters includes the power to release or accept a surrender of such grants. The delegation of authority to do a certain thing does not necessarily imply the delegation also of the power to accept its undoing." So in this case we may well say that the delegation of the power to create corporations does not include authority to commit this entrusted power to one of the creations born of such original grant. In *Eminent Household* v. *Thornton,* supra, Mr. Justice Atkinson says that the provision of the constitution (Civil Code, § 6446), delegating to the secretary of State the power to create specified corporations, "is to be construed in connection with other provisions of the constitution to which reference has been made, and should not be held to confer authority upon the secretary of State to exercise such a legislative function as granting special authority to incorporators, as such, to control a corporation after it has been created." We are of the opinion, therefore, that the portion of the charter of the Brothers and Sisters of Benevolence under consideration is void to the extent that it seeks to give to such society the right to create legal entities. No other provision of that charter is involved in this adjudication.

3. Under the facts of this case, it can not be seriously argued that Free Gift Society No. 25 is a de facto corporation. The parties composing this branch society have not even attempted to organize as a corporation under any law by which such corporation might legally exist. In the sense necessary to constitute a de

facto corporation there have been no acts of user or exercise of corporate powers. These essentials, at least, must exist conjunctively before the law recognizes an organization as a de facto corporation. *Brown* v. *Atlanta Railway Co.*, supra. "Where acts of user are relied upon to prove the existence of a corporation de facto, they must be such as unequivocally indicate a corporation, and could not have been performed by an individual or a partnership." 14 C. J. 218, § 226. It is apparent from this record that no acts have been done by Free Gift Society No. 25 which could not be done by any unincorporated association or branch lodge of an incorporated society like the Brothers and Sisters of Benevolence. On the subject of de facto corporations see *Ward-Truitt Co.* v. *Bryan,* 144 *Ga.* 769 (87 S. E. 1037), where even a charter was procured from the superior court. See also *Brooke* v. *Day,* 129 *Ga.* 694 (2) (59 S. E. 769) ; 14 C. J. 214, § 215.

4. A proceeding in law without a proper party plaintiff is not an action but a mere nullity, and may be dismissed at any time on motion. *W. & A. R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978), and cit. As it was apparent from the pleadings that there was no real party plaintiff, a motion to dismiss based upon this ground could be made at any time (*Kelly* v. *Strouse,* 116 *Ga.* 872), and the court did not err in sustaining such motion. See *Walker* v. *East Rome,* 145 *Ga.* 294, 297 (89 S. E. 204). It is therefore unnecessary to consider any of the remaining assignments of error. Having held that there is no party plaintiff, and that the defendants could so assert, it follows that the plaintiff named in the present bill of exceptions is not entitled to complain of any prior ruling of the court. It is not necessary to consider the intimation in the brief that the proceeding was perhaps brought in behalf of others than Free Gift Society No. 25 in its alleged corporate capacity. It is sufficient to say that "Free Gift Society No. 25 Brothers and Sisters of Benevolence" is the sole plaintiff in the present bill of exceptions.

*Judgment affirmed. All the Justices concur, except Atkinson and Hines, JJ., dissenting, and Hill, J., absent for providential cause.*