### DAVIS *et al.* v. EDWARDS *et al.*

1. Under its charter the Brothers and Sisters of Benevolence, a corporation, is authorized to establish branch societies in any portion of this State; and such branch societies when so established shall have power and authority to acquire property in any way, and, when so acquired, to hold and own it free from the ownership of the parent society.

2. Said corporation created a branch society or lodge under the name of "Free Gift Lodge No. 25," and such branch society or lodge acquired funds and property. Title to such funds and property is in such branch lodge, and is not in the Brothers and Sisters of Benevolence, the parent society.

3. Applying the foregoing rulings, the trial judge erred in holding that title to the funds and property of this branch lodge was in the parent society, and in refusing to grant the relief prayed by petitioners upon this ground.

No. 6175. August 21, 1928.

Petition for injunction. Before Judge Park. Putnam superior court. July 26, 1927.

*R. C. Jenkins,* for plaintiffs. *M. F. Adams,* for defendants.

Russell, C. J. This case involves a dispute between two factions as to who constitute the true membership of Free Gift Lodge No. 25 Brothers and Sisters of Benevolence; and also the question as to which faction, through its officers, are entitled to the custody and control of the property of the lodge. The case has twice been before us for review. *Free Gift Lodge No. 25* v. *Edwards,* 161 *Ga.* 832 (132 S. E. 206) ; *Free Gift Society No. 25* v. *Edwards,* 163 *Ga.* 857 (137 S. E. 382). The substantial facts in controversy are reported in those decisions. In the present action the plaintiff is alleged to be a partnership composed of fifty-seven named persons, and the same relief is sought as in the prior suits. The issue to be determined by the trial court in the present instance necessarily involved a determination of which faction was entitled to the custody and control of the property in dispute. The plaintiffs and de-

fendants each claimed to represent the duly and regularly consti-
tuted lodge. On this question the evidence was in conflict. The
order of the trial judge upon which error is assigned is as follows:
"I have reached the following conclusions from the law and facts,
to wit: That said plaintiffs are not entitled to an injunction
against said defendants. 2nd. The legal title to the property sought
to be recovered by the petitioners vests in the Brothers and Sisters
of Benevolence, and suit would have to be brought by said cor-
poration for the use of the members of Free Gift Society No. 25
Brothers and Sisters of Benevolence. The plaintiffs under the law
and facts of this case are members of the Brothers and Sisters of
Benevolence by virtue of the fact that the Free Gift Society No.
25 Brothers and Sisters of Benevolence is a branch of said cor-
poration. Therefore the restraining order heretofore granted  . .
is hereby dissolved."

While ordinarily where the evidence is conflicting the exercise of
the discretion of the trial judge in granting or refusing an inter-
locutory injunction will not be disturbed, nevertheless, as it ap-
peared as a matter of law from the pleadings and the evidence in
this case that, under the certificate granted the subordinate lodge
by the parent society, as well as from the original charter granted
by the superior court to the parent organization such subordinate
lodge held its property "in its own right and for its own benefit
. . free from any ownership or control of said Brothers and
Sisters of Benevolence," and as the trial judge was in error in hold-
ing otherwise, such holding could but lead to an erroneous decision
upon the primary question in the case, to wit, who was entitled to
the custody and control of the property. In an instance such as
the present, the general rule that a judgment which is correct will
not be reversed because an erroneous reason may be assigned for
rendering it does not apply; for it can not be known whether the
trial judge would have exercised his discretion as he did, but for
his erroneous ruling upon the ownership of the property. Accord-
ingly his judgment is reversed and the case remanded for another
hearing.            *Judgment reversed.    All the Justices concur.*