## WALKER v. GRAND INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS *et al.*

No. 12364. SEPTEMBER 27, 1938.

812

814

*Harwell & Harwell,* for plaintiff.

*Bryan, Middlebrooks & Carter, Tull C. Waters,* and *Bonneau Ansley,* for defendants.

BELL, Justice. (After stating the foregoing facts.)

The petition shows that the three organizations named as defendants are unincorporated voluntary associations. It also alleges that they are copartnerships, but does not state that they are engaged in any particular business or enterprise. When the petition is construed, according to the settled rule, most strongly against the plaintiff, it shows upon its face that these organizations are mere unincorporated voluntary associations, and that they are not such legal entities as to be subject to suit, either as corporations or partnerships, under the law of this State. Only

the individuals who committed the alleged wrong against the plaintiff or participated therein could be sued. The court properly dismissed the suit as to these organizations. Code, § 22-414; *Barbour* v. *Albany Lodge,* 73 *Ga.* 474; *Mutual Life Ins. Co.* v. *Inman Park Church,* 111 *Ga.* 677 (36 S. E. 880); *Kelsey* v. *Jackson,* 123 *Ga.* 113 (50 S. E. 951); *Western & Atlantic Railroad Co.* v. *Dawson Marble Works,* 122 *Ga.* 774 (50 S. E. 978); *Free Gift Society* v. *Edwards,* 163 *Ga.* 857 (137 S. E. 382); *O'Jay Spread Co.* v. *Hicks,* 185 *Ga.* 507 (195 S. E. 564); *Green* v. *Young Zion Baptist Church,* 27 *Ga. App.* 572 (109 S. E. 517); *McLendon* v. *Simmons,* 40 *Ga. App.* 27 (148 S. E. 626); *Smith* v. *International Ladies Garment Workers Union,* 58 *Ga. App.* 26 (197 S. E. 349); Grand International Brotherhood of Locomotive Engineers *v.* Green, 206 Ala. 196 (89 So. 435); Graham *v.* Grand Division O. R. C. (Mo.), 107 S. W. (2d) 121; McClees *v.* Grand International Brotherhood of Locomotive Engineers, 12 Ohio Opinions, 111; 26 Georgetown Law Journal 999 (May, 1938). The foregoing is in accordance with the common-law rule, which, however, has been changed in some jurisdictions. United Mine Workers of America *v.* Coronado Coal Co., 259 U. S. 344 (42 Sup. Ct. 570, 66 L. ed. 975, 27 A. L. R. 762); Jardine *v.* Superior Court, 213 Cal. 301 (2 Pac. (2d) 756, 79 A. L. R. 291); Clark *v.* Grand Lodge of Brotherhood of Railroad Trainmen, 328 Mo. 1084 (43 S. W. (2d) 404, 88 A. L. R. 150); Wysong *v.* Automobile Underwriters, 204 Ind. 493 (184 N. E. 783, 94 A. L. R. 826, 854); Grand International Brotherhood of Locomotive Engineers *v.* Green, 210 Ala. 496 (98 So. 569); International Brotherhood of Boilermakers *v.* Wood, 162 Va. 517 (175 S. E. 45). It is immaterial that the grand and local divisions did not join in any motion to dismiss the suit. Since it appeared from the petition that they were not suable entities, it was not error to include them, ex mero motu, in the order of dismissal. Code, § 24-112.

■ As to the thirteen individual defendants, the petition alleged sufficient facts to show, if true, that these defendants entered into a conspiracy to cause the plaintiff's expulsion from membership in the local division and the brotherhood, wrongfully and illegally, upon a false charge, and that such conspiracy was executed by them with resulting damage to the plaintiff. Compare

Sweetman *v.* Barrows, 263 Mass. 349 (161 N. E. 272, 62 A. L. R. 311) ; Lahiff *v.* Saint Joseph's Total Abstinence & Benevolent Society, 76 Conn. 648 (57 Atl. 692, 65 L. R. A. 92, 100 Am. St. R. 1012) ; 5 C. J. 1357, §§ 78, 79. "So far as the conspiracy is concerned, no further specification is required than the general terms in which it is pleaded in the declaration; and this is true although the jurisdiction of the court to render judgment against one or more of the defendants depends upon allegations and proof of conspiracy." *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67 (2-*a*) (99 S. E. 123) ; *Hibble* v. *Mutual Oil Co.,* 170 *Ga.* 694 (2) (153 S. E. 771). Where, as the result of such wrongful expulsion, insurance policies which had been issued to the plaintiff by an incorporated insurance department of the main organization, and on which the plaintiff had paid premiums for a number of years, were canceled by that department, the loss of these policies could, under the allegations, be considered as elements of damage. *Order of Railway Conductors* v. *Clark,* 159 *Ga.* 390 (125 S. E. 841) ; *Bankers Health & Life Ins. Co.* v. *James,* 177 *Ga.* 520 (170 S. E. 357) ; *Prudential Ins. Co.* v. *Ferguson,* 51 *Ga. App.* 341 (180 S. E. 503) ; *Moore* v. *Prudential Ins. Co.,* 56 *Ga. App.* 356 (192 S. E. 731). No question is presented by the record as to what would be the correct measure of damages for the loss of such policies. *Zittrouer* v. *Zittrouer,* 43 *Ga. App.* 262 (2) (158 S. E. 437). In view of the allegations as to fraudulent conduct of the individual defendants, the fact that the plaintiff's expulsion was affirmed by the supreme governing body on appeal did not, so far as shown by the pleadings, prevent him from proceeding for damages against these individuals for the acts alleged to have been committed by them with resulting injury to his property rights.

Under the allegations, no decision is required as to whether, in the absence of fraud or like conduct on the part of these defendants, such affirmance by the governing body would be conclusive as related to such property rights. But see, in this connection, *Order of Railway Conductors* v. *Clark,* supra; Durkin *v.* Brotherhood of Locomotive Firemen &c., 170 Md. 562 (185 Atl. 322, 104 A. L. R. 1501) ; Brown *v.* Harris County Medical Society (Tex. Civ. App.), 194 S. W. 1179; Connelly *v.* Masonic Association, 58 Conn. 552 (20 Atl. 671, 9 L. R. A. 428, 18 Am.

St. R. 296); International Union of Steam Engineers v. Owens, 119 Ohio St. 94 (162 N. E. 386); Robinson v. Dahm, 94 Misc. 729 (159 N. Y. Supp. 1053); Brotherhood of Railroad Trainmen v. Williams, 211 Ky. 638 (277 S. W. 500); Shaup v. Grand International Brotherhood of Locomotive Engineers, 223 Ala. 202 (135 So. 327); Simpson v. Grand International Brotherhood of Locomotive Engineers, 83 W. Va. 355 (98 S. E. 580); Donovan v. Travers, 285 Mass. 167 (188 N. E. 705); Long v. Baltimore & Ohio Railroad, 155 Md. 265 (141 Atl. 504); Pratt v. Amalgamated Association, 50 Utah, 472 (167 Pac. 830); Gonzalez v. Archbishop of Manila, 280 U. S. 1 (50 Sup. Ct. 5, 74 L. ed. 131); 5 C. J. 1364; 7 C. J. S. 59; Oakes on Organized Labor & Industrial Conflicts, § 91. Again, since it appears that the plaintiff did appeal to the supreme governing body, no question is involved as to whether such appeal was a condition precedent to suit. See generally, on this question, *Order of Railway Conductors of America* v. *Clark,* supra; *Union Fraternal League of Boston* v. *Johnston,* 124 *Ga.* 902 (53 S. E. 241); *Edrington* v. *Hall,* 168 *Ga.* 484 (148 S. E. 403); Independent Order of Sons and Daughters of Jacob of America v. Wilkes, 98 Miss. 179 (53 So. 493, 52 L. R. A. (N. S.) 817); Rueb v. Rehder, 24 N. M. 534 (174 Pac. 992, 1 A. L. R. 423); Dewar v. Minneapolis Lodge, 155 Minn. 98 (192 N. W. 358, 32 A. L. R. 1012); Employee's Benefit Asso. v. Johns, 30 Ariz. 609 (249 Pac. 764, 51 A. L. R. 1414); 5 C. J. 1359, § 83.

"In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." Code, § 105-2002. Since the allegations must be taken as true in reviewing the case on demurrer or motion to dismiss, on a consideration of the petition as a whole, the allegations contained in paragraph 37 were sufficient as a matter of pleading to authorize a claim for punitive damages, and were not subject to any grounds of the special demurrer. *Southern Railway Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802); *Sheftall* v. *Zipperer,* 133 *Ga.* 488 (66 S. E. 253, 27 L. R. A. (N. S.) 442); *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (2) (58 S. E. 551). "The expenses of litigation are not generally allowed as a part of the damages; but

if the defendant has acted in bad faith, . . or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Code, § 20-1404. Under this principle the allegations contained in paragraphs 37 and 38, considered with other averments of the petition, were not subject to special demurrer as failing to show sufficient facts to authorize the allowance of attorney's fees. *Mendel* v. *Leader*, 136 *Ga.* 442 (3) (71 S. E. 753); *O'Neal* v. *Spivey*, 167 *Ga.* 176 (3) (145 S. E. 71); *Christopher* v. *Almond*, 177 *Ga.* 211 (169 S. E. 899). "Though a bill be not framed with accurate precision, yet the allegations will be sufficient if they clearly and distinctly apprise the defendant of what he is called on to defend." *Black* v. *Black*, 15 *Ga.* 445 (2); 49 C. J. 94. "The plaintiff is not required to set forth the evidence, either direct or circumstantial, by which he expects to establish the traversable facts alleged in the petition. *Cedartown Cotton &c. Co.* v. *Miles*, 2 *Ga. App.* 79 (58 S. E. 289); *Atlantic Coast-Line Railroad Co.* v. *Wildman*, 29 *Ga. App.* 745 (2) (116 S. E. 858).

Upon application of these principles, and in view of the other allegations of fact in regard to the policies, paragraph 39, alleging the value of the policies canceled by the insurance department to be $5000, and laying the plaintiff's damage in this sum, was not subject to special demurrer on the ground that it did not show how or why the policies were of this value, or that the plaintiff was damaged in this sum. There was no demurrer on the ground that the plaintiff was seeking in the same count to recover the premiums paid, with interest, and also the value of the policies. On the subject of election, see *Southern Railway Co.* v. *Chambers*, 126 *Ga.* 404 (5) (55 S. E. 37, 7 L. R. A. (N. S.) 926). With respect to the individual defendants, there was no merit in any of the grounds of the special demurrer, or in the motion to dismiss the action. As to such defendants, the court erred in overruling the motion of the plaintiff to vacate the previous order sustaining the special demurrers, and in sustaining the motions to dismiss the action. While the petition did not show sufficient ground for any of the equitable relief sought, it stated a cause of action for damages as to the individual defendants, and was not subject to dismissal in its entirety. *Gillis* v. *Hilton & Dodge Lumber Co.*, 113 *Ga.* 622 (38 S. E. 940); *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333).

*Judgment reversed in part and affirmed in part. All the Justices concur.*