**R. W. SMITH, Plaintiff,**

v.

**UNITED MINE WORKERS of America et al., Defendants.**

**Civ. A. No. 1449.**

United States District Court
M. D. Georgia,
Macon Division.

Oct. 28, 1958.

Robert T. Thompson, Lokey & Bowden, Atlanta, Ga., for plaintiff.

A. Walton Nall, Atlanta, Ga., Harrison Combs, Washingon, D. C., for defendants.

BOOTLE, District Judge.

This is an action for injury to the person. R. W. Smith brings this suit against the United Construction Workers, District 50, United Mine Workers of America; District 50, United Mine Workers of America, and United Mine Workers of America. Each of these defendants is an unincorporated association, and each is a labor organization within the meaning of the Labor Management Relations Act, 1947, 29 U.S.C.A. §§ 141–187.

The plaintiff alleges that he is a citizen of Georgia and that each of the defendants has its principal place of business in Washington, D. C. and each has an office and agent upon whom service may be had in Macon, Georgia. Each of the defendants is further alleged to be a citizen of the District of Columbia. The amount in controversy is alleged to be in excess of $3,000 exclusive of interest and costs.

Defendant, United Mine Workers of America, has filed a motion to quash service or in the alternative to dismiss the action as to United Mine Workers of America, setting forth four grounds therefor:

(1) That the person upon whom service was made on behalf of this union is not such a person upon whom process can be served to bind United Mine Workers of America.

(2) That this action is brought in an improper venue because United Mine Workers of America is a voluntary unincorporated association which, if it can be sued in its own name and this action is not founded solely upon diversity of citizenship, can be sued only where it has its principal office and place of transacting business, i. e., the District of Columbia.

(3) That United Mine Workers of America, being an unincorporated association which has not had its name, style, objects nor the names of its trustees or officers recorded in the office of the Clerk of the Superior Court of Bibb County or any other county of Georgia, is not a legal entity subject to suit as a party under Rule 17(b) of the Rules of Civil Procedure, 28 U.S.C.A., and applicable laws of the United States.

(4) That this court is without jurisdiction since (A) this action does not arise under the Constitution, laws, or treaties of the United States as contemplated by 28 U.S.C.A. § 1331 and Rule 17(b) of the Rules of Civil Procedure but is a tort action arising under the common law, and (B) this controversy is not between citizens of different states as contemplated by 28 U.S.C.A. § 1332 because United Mine Workers of America is an unincorporated association composed of members residing in Canada and various states of the United States including Georgia, the alleged residence of the plaintiff.

District 50, United Mine Workers of America, has filed a similarly titled motion setting out as its grounds substantially grounds 2, 3 and 4 above. Likewise, United Construction Workers, District 50, United Mine Workers of America has filed a similar motion setting forth substantially these same grounds as the basis therefor.

It is contended by counsel for plaintiff that Sec. 301 of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185, gives this court jurisdiction of this action in the face of the very points raised by defendants' motions. That section provides, in part:

"Suits by and against labor organizations—Venue, amount, and citizenship

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments

"(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

"Jurisdiction

"(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

This section has been a source of much litigation. See Textile Workers Union of America v. Lincoln Mills, 1956, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, and Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1954, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510.

The Constitution of the United States provides that:

"The judicial Power shall extend to all Cases, in Law and Equity arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; * * *—to Controversies * * *

—between citizens of different States." U.S.Const. art. III, § 2. and

"The Congress shall have Power * * * To constitute Tribunals inferior to the supreme Court." U.S.Const. art. I, § 8.

Of course, Congress had exercised this power long prior to the enactment of the Labor Management Relations Act, 1947, supra, and had vested in this court jurisdiction over cases involving a federal question, i. e., arising under the Constitution, laws or treaties of the United States, and controversies between citizens of different states. 28 U.S.C.A. §§ 1331 and 1332. Prior to the Labor Management Relations Act, 1947, supra, this suit could not have been maintained in a federal district court because, first, as is agreed by counsel, no federal question is presented. Secondly, requisite diversity of citizenship is lacking:

"* * * [E]ven though large unincorporated associations are treated similarly to corporations for the purpose of venue, the decisions fully support the textual statement that 'unincorporated associations have never been accorded a status as jural persons for purposes of diversity jurisdiction, nor has there developed a presumption of a single citizenship of the members. This is so even when by the applicable law they have the capacity to sue and be sued in the association name. The citizenship of all the members must be looked to, and not merely that of the officers or managers.' Hart and Wechsler, The Federal Courts And The Federal System, 1953, p. 917."

Lowry v. International Brotherhood, etc., 5 Cir., 1958, 259 F.2d 568, 570; Hettenbaugh v. Airline Pilots Ass'n International, 5 Cir., 1951, 189 F.2d 319. Therefore, unless that Act vests jurisdiction of this controversy in this court this suit cannot be maintained here.

It may be noted that under the Federal Rules of Civil Procedure if a substantive

federal right is to be enforced an unincorporated association may be sued as an entity, and in other cases its capacity to sue or be sued must be determined by the law of the state of the district in which the suit is brought. F.R.Civ.P. 17. This rule is no aid to this court's jurisdiction in this case because, as has been shown already, no federal right is asserted, and under Georgia law an unincorporated association cannot be sued as an entity.[1] Walker v. Grand International, etc., Engineers, 1938, 186 Ga. 811, 199 S.E. 146.

So the question to be answered is does the Labor Management Relations Act, 1947, supra, confer jurisdiction of this action upon this court? This question in turn is dependent upon the question of whether or not Congress in that Act intended to make, for purposes of suits in federal district courts, these three labor organizations citizens of a state or states other than Georgia, the plaintiff being a citizen of Georgia? What intention must be ascribed to Congress?

Mr. Justice Frankfurter says in the Westinghouse case, supra, 348 U.S. at page 453, 75 S.Ct. at page 497, "Legislation must, if possible, be given a meaning that will enable it to survive. This rule of constitutional adjudication is normally invoked to narrow what would otherwise be the natural but constitutionally dubious scope of the language."

The Act under consideration here can be given a meaning enabling it to survive without answering the question as to creation of citizenship for labor organizations; sections 301(b), (c), 29 U.S.C.A. § 185(b), (c), are necessary to provide venue and insulation of union membership from liability in suits brought under section 301(a), 29 U.S.C.A. § 185(a). This much can be plainly read from the statute with no fear that Congress intended any "dubious constitutional result."

To read the meaning urged by plaintiff into the statute would mean that Congress without using unmistakably clear and distinct language had made labor organizations, unincorporated associations, citizens of the district in which they maintain their principal office *and* in *every district* in which its duly authorized officers or agents are engaged in representing or acting for their members. 29 U.S.C.A. § 185(c). To adopt this latter meaning would disregard the care with which Congress has legislated in regard to citizenship of corporations. 28 U.S.C.A. § 1332(c):

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

and 28 U.S.C.A. § 1391(c):

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

This court found nothing in its search of the legislative history of this Act that would convince it that Congress intended, using the general language it did, to create new citizenship for labor organizations.

Congress did not create any change in the citizenship of labor organizations by the Labor Management Relations Act, 1947, and therefore this court has no jurisdiction over this suit.

Defendants may submit an order dismissing the action without prejudice.

---

1. Unincorporated associations have subsequently become suable under Georgia law, Georgia Laws 1959 Session, pp. 44-46.