### 4698. WALKER *v.* CITY OF ROME.

The act approved August 20, 1906 (Acts 1906, p. 727), amending the charter of East Rome, did not have the effect of repealing by implication the act approved August 20, 1906, amending the charter of the City of Rome, which provided that the territory of East Rome should be annexed to the City of Rome, if a majority of the qualified voters of East Rome so determined at an election to be held on September 12, 1906. This is

NOTE. Publication of reports of cases appearing on this page and on the following pages was delayed by direction, for the purpose of revision or addition of opinions.

true though the act amending the charter of East Rome was actually passed by the General Assembly six days after the passage of the bill amending the charter of the City of Rome. The two acts are not in irreconcilable conflict. The effect of the act amending the charter of the City of Rome was to repeal the charter of East Rome and all amendments thereto, provided a majority of the qualified voters of East Rome determined, in the manner pointed out in the act, that the territory of East Rome should be annexed to the City of Rome. If a majority of the qualified voters had voted against annexation, all the acts of the General Assembly conferring separate corporate power upon the municipality of East Rome would have remained in force just as though the act amending the charter of Rome had never been passed.

DECIDED OCTOBER 31, 1913.

Action for money had and received; from city court of Floyd county—Judge Reece. February 6, 1913.

*E. P. Treadaway, Henry Walker,* for plaintiff.

*Max Meyerhardt,* for defendant.

POTTLE, J. This was an action to recover from the City of Rome certain sums paid by the plaintiff as ad valorem taxes during certain years beginning in 1907 and ending in 1912. The petition was dismissed on demurrer, and the plaintiff excepted. Even if it be conceded that the petition sufficiently alleges that the taxes were paid under protest, we are of the opinion that there is no merit in the real point which the plaintiff seeks to raise in reference to the authority of the defendant to collect the tax. This point is, that the town of East Rome, which was a separate municipality under the act of September 24, 1883 (Acts 1883, p. 411), never became legally incorporated as a part of the City of Rome. On August 9, 1906, an act amending the charter of Rome was passed by the General Assembly, and on August 20, 1906, was approved by the Governor. This act provided that an election should be held by the qualified voters residing in the town of East Rome, to determine whether the territory embraced therein should be incorporated as a part of the City of Rome. An election was held on September 12, 1906, as provided by that act, and at the election a majority of the qualified voters of East Rome voted that the territory embraced therein should be incorporated as a part of the City of Rome. On August 15, 1906, an act was passed by the General Assembly, and on August 20, 1906, was approved by the Governor, amending in certain particulars the original act of 1883, incorporating the town of East Rome. On August 17, 1909, an act was approved creating a new charter for the City of Rome and defining its corporate limits.

The territory thus defined embraced the territory which had formerly been the town of East Rome.  The plaintiff in error insists that when on August 15 the General Assembly passed an act amending the charter of the town of East Rome, and thereby in effect making provision for the continuing existence of that municipality, the act passed by the General Assembly on August 9, authorizing an election to determine whether East Rome should become a part of the City of Rome, was impliedly repealed.  The act amending the charter of the City of Rome, which was passed on August 9, simply provided that the qualified voters of East Rome might determine for themselves whether or not the municipality of East Rome should become merged into the City of Rome.  If a majority of the votes had been cast against annexation, then the old charter of East Rome, as amended by the act of 1906, remained of force.  If, however, a majority of the qualified voters should vote for annexation, then the acts conferring upon East Rome separate corporate powers—both the original act of 1883 and the amendatory act of 1906—became inoperative.  Repeals by implication are never favored; and, unless two acts of the legislature are in irreconcilable conflict, both should be allowed to stand.  Between the act amending the charter of the City of Rome so as to authorize an election on annexation and the act amending the charter of East Rome there is no such conflict.  So that, even if August 9 be treated as the date upon which the act amending the charter of Rome went into effect, and August 15 as the date upon which the act amending the charter of East Rome became operative, the latter act would not operate to repeal the former.  But the constitution provides that "the Governor shall have the revision of all bills passed by the General Assembly, before the same shall become laws."  Civil Code, § 6485.  Hence, a bill which has been passed by the General Assembly never becomes a law until it has been approved by the Governor, or until after the expiration of five days after it has been presented to him, if no action has been taken thereon by him, or until it is passed by two thirds of each house after the veto of the Governor.  It follows that where a bill has been approved by the Governor, it becomes a law from the date of the approval, and does not become operative as a law until that date.  Here, therefore, were two acts which took effect on the same day, having been approved by the Governor on the same day.  The effect of the act

amending the charter of Rome was, however, to repeal the charter of East Rome and the act amending that charter, only in the event that a majority of the qualified voters of East Rome voted that the territory therein embraced should be annexed to the City of Rome. The act amending the charter of Rome was merely a referendum to the qualified voters of East Rome of the question whether the several acts of the General Assembly conferring corporate power upon the municipality of East Rome should be repealed and East Rome become a part of the City of Rome. Moreover, the necessary effect of the act of 1909 creating a new charter for the City of Rome and providing that its corporate limits should embrace the territory formerly known as East Rome necessarily repealed by implication all acts conferring separate corporate authority upon the municipality of East Rome. There was no error in sustaining the demurrer.                    *Judgment affirmed.*