## WALKER *v.* MAYOR AND COUNCIL OF EAST ROME.

1. The act of the legislature (Acts 1906, p. 1010) provides, among other things, for the repeal of the charter of the town of East Rome, and that before it shall become operative the question as to the passage of the law shall be submitted for ratification to the qualified voters of the municipality at a prescribed election to be held for such purpose. *Held,* that if at such an election the requisite number of votes be cast in favor of ratification of the law, the act contemplates that its terms will become binding and result in the repeal of the charter of the municipality from and after the date specified in the act for the law to go into effect.

(*a*) In an action instituted after the repeal of the charter of the municipality, the case having been submitted to the judge for decision, and his judgment reciting: "It appearing that the town of East Rome, by legislative enactment, became a part of the City of Rome on January 1, 1907, and this suit having been filed December 24, 1907, after said town of East Rome became a part of the City of Rome and after said town of East Rome had ceased to exist," and nothing to the contrary appearing, it will be presumed, on exception to the judgment, that the judge had evidence or admissions in open court to the effect that the act had been duly approved by the qualified voters at an election as provided for in the act.

2. The act referred to in the preceding note was not repealed by the act amending the charter of the town of East Rome, approved the same day (Acts 1906, p. 727).

3. The charter of East Rome having been repealed, and all of its territory and corporate property transferred, with all of its liabilities, to the City of Rome, there was no theoretical continuance of the existence of East Rome, relatively to existing creditors, for the purpose of enabling them to collect their debts. As to creditors and all other persons, the corporation went out of existence for all purposes, and could not thereafter be sued.

4. It was not erroneous to dismiss the action on the ground that the defendant, the alleged town of East Rome, did not exist at the time the suit was filed.

MAY 15, 1916. REHEARING DENIED JUNE 19, 1916.

Complaint. Before Judge Wright. Floyd superior court. August 11, 1915.

On December 24, 1907, Henry Walker instituted a suit upon an open account, for the recovery of attorney's fees, against the Mayor and Council of East Rome. The case was returnable to the January term, 1908. The bill of exceptions recites that at a hearing during the July term, 1915, under a submission made at the preceding term, an oral motion was made by counsel for defendant to dismiss the case, upon the ground that "the town of East Rome was annexed to and became a part of the City of Rome, January 1, 1907, under the annexation act of August 9, 1906, which was prior to filing of this suit, at which time there was no such defendant, and there is now no case in court;" and counsel for plaintiff replied that "the case is in default, undefended, each averment proven by statute, and plaintiff entitled to a verdict, for which request is made." The judge sustained the motion and dismissed the action. The bill of exceptions further recites that the court erred: (a) "in denying the motion to take a verdict against defendant;" (b) "in sustaining said oral motion and in dismissing plaintiff's case." There was no other assignment of error.

*Denny & Wright,* for plaintiff.　*Max Meyerhardt,* for defendant.

ATKINSON, J.　1.　The judgment of dismissal was as follows: "It appearing that the town of East Rome, by legislative enactment, became a part of the City of Rome on January 1, 1907, and this suit having been filed December 24, 1907, after said town of East Rome became a part of the City of Rome, and after said town of East Rome had ceased to exist: Ordered that said case be and the same is hereby dismissed. This August 11, 1915." By the act of 1906 (Acts 1906, p. 1010), it was provided that the charter of the City of Rome be amended, to take effect from and after the first day of January, 1907, so as to extend the corporate limits of the City of Rome and to incorporate into and as a part of the City of Rome all the territory included within the corporate limits of the town of East Rome. It was further provided that the act should not become effective unless the same should be approved by a majority of the voters of the town of East Rome at an election to be held on September 12, 1906. The judgment complained of was rendered by the judge at a term subsequent to the appearance term, under a submission of the case to him for decision, and recited in effect that it was made to appear that the act had become effective. The assignments of error do not complain that there

was no evidence to authorize such finding; and it is to be presumed that the judge had before him sufficient evidence that the act had been approved by the people at an election held in accordance with the terms of the act, thereby rendering it effective. If there was no such evidence, and the plaintiff desired to show that the judgment was erroneous on that account, the burden being upon the plaintiff in error to show error requiring a reversal of the judgment of the trial court, it was his duty to make it legitimately appear before the Supreme Court that there was no such evidence.

2. On the day the act was approved, there was another act approved, purporting to amend the charter of the town of East Rome (Acts 1906, p. 727). This act did not repeal the act above mentioned, or prevent it from going into effect. The question was elaborately discussed by Pottle, J., and correctly decided in the Court of Appeals. *Walker* v. *City of Rome,* 16 *Ga. App.* 817 (86 S. E. 658).

3. Having disposed of the question as to whether the act went into effect, we may now consider its effect upon the rights of the plaintiff as an ordinary creditor without a lien at the time of its passage. It is urged in a brief filed by the plaintiff that, notwithstanding the express terms embodied in sections 1 and 9 of the act annexing all the property of East Rome to the City of Rome and transferring all the municipal property, and other terms embodied in section 18 of the act repealing the charter of East Rome, the municipality of East Rome, relatively to creditors, continued to exist for the purpose of collecting debts. The cases of *Selma, Rome & Dalton R. Co.* v. *Harbin,* 40 *Ga.* 709, and *Lamar* v. *Allison,* 101 *Ga.* 270 (28 S. E. 686), were cited. The ruling in the first case had reference to mere merger of certain railroad corporations, and the latter to the disposition of the assets of an existing corporation upon ceasing to engage in the corporate business, which was different from the case now under consideration. In *Tompkins* v. *Augusta Southern R. Co.,* 102 *Ga.* 436 (30 S. E. 992), it was said: "Where by reason of the consolidation of two corporations one of them goes entirely out of existence, and no arrangements are made respecting the liabilities of the one which ceases to exist, the corporation resulting from such combination will, as a general rule, be entitled to all the property and answer-

able for all the liabilities of the corporation thus absorbed." In Stroud v. City of Stevens Point, 37 Wis. 367, it was said: "Even in the case of chartered municipal corporations, where an old corporation is deprived of all its functions by the legislature, and those functions are transferred to another corporation within the same territorial limits, the former ceases to exist." In *White* v. *City of Atlanta,* 134 *Ga.* 532 (68 S. E. 103), it was held: "The charters of Oakland City and Battle Hill were repealed by separate acts (Acts 1909, p. 1201; Acts 1908, p. 407), and they were taken into the extended limits of the City of Atlanta. It is denied in the answer that there was any bonded indebtedness of those municipalities, or that the City of Atlanta assumed any such; and it was alleged that there were only a comparatively small amount of outstanding liabilities on the part of Oakland City, to counterbalance which there was a greater amount of municipal assets. *Held,* that in becoming incorporated as a part of the City of Atlanta, in the absence of any contrary provision, such public assets and liabilities both passed to that city." See also Mt. Pleasant v. Beckwith, 100 U. S. 514 (25 L. ed. 699) ; McQuillin on Mun. Corp. § 314; 1 Dillon on Mun. Corp. § 336; Morrison v. American Snuff Co., 79 Miss. 330 (30 So. 723, 89 Am. St. R. 598, and note (b) on page 608). The charter of East Rome having been repealed and all of its territory and corporate property transferred with all of its liabilities to the City of Rome, there was no theoretical continuance of the existence of East Rome, relatively to existing creditors, for the purpose of enabling them to collect their debts. As to creditors and all other persons, the corporation went out of existence for all purposes, and could not thereafter be sued.

4. In an action at law for a money judgment, there should be a party plaintiff and a party defendant, and the party, whether one or the other, should be a person natural or artificial. If there is an entire absence of a party plaintiff or a party defendant, there is no case in court, and the reputed action is a mere nullity. *Barbour* v. *Albany Lodge,* 73 *Ga.* 474; *Town of East Rome* v. *City of Rome,* 129 *Ga.* 290 (3) (58 S. E. 854) ; *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). If the petition shows on its face that there is a party plaintiff and a party defendant, and afterwards at any time it should be made to appear that one of them which purported to be a corporation was not in

fact such, nor a person of any kind, the action will be held to be void for the want of a proper party plaintiff, and be dismissed. It having been shown to the court that the corporate existence of the town of East Rome had been terminated before the suit was filed, the judge properly dismissed the action.

*Judgment affirmed. All the Justices concur.*