26765.   SMITH v. THE STATE.

294

*Edwin M. Saginar,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Creighton W. Sossomon, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

ALMAND, Chief Justice. This appeal is from a jury verdict finding the appellant guilty of the offenses of (a) armed robbery, (b) possessing a pistol without a license, and (c) carrying a concealed weapon, and from an order denying appellant's motion for a new trial.

■ Grounds 1 and 2 of the enumeration of errors assert that the court erred in failing to charge the law relating to attempt to commit a criminal act, and abandonment of effort to commit a crime, as provided in Chapter 26-10 of the Criminal Code of Georgia (Ga. L. 1968, p. 1249).

With respect to the armed robbery charge, the evidence shows the completion, not an attempt, of armed robbery. It was not error therefore to fail to charge the law relating to attempts. *Haney v. State,* 64 Ga. App. 396, 400 (13 SE2d 384).

There was no evidence to require a charge as to the abandonment of an effort to commit a crime.

■ Grounds of error Nos. 3, 4 and 5 allege that the court erred in (a) failing to charge the jury on theft as an essential element of the crime of armed robbery, as provided by § 26-1902 of the Criminal Code, (b) failing to charge the jury on intent as an essential element of the offense of armed robbery, and (c) failing to charge on the lesser offense being included in the greater offense.

The court gave in charge Criminal Code § 26-1902 which defines "Armed robbery." The evidence did not demand a charge on the lesser degrees of a crime.

■ After the jury had returned their verdict of guilty evidence of several prior felony convictions of the defendant was introduced. The jury was instructed by the court to retire and fix the sentence of the defendant.

Grounds of error 6 to 10 inclusive assert that after the jury had deliberated for 37 minutes and had not reached an agreement on the sentence, the court withdrew the case from the consideration of the jury and imposed the sentence.

It is claimed that (a) the court erred in not allowing the jury a reasonable time to deliberate, (b) denying the defendant due process, and (c) depriving the defendant of his right to be sentenced by the jury.

The Act approved March 27, 1970 (Ga. L. 1970, pp. 949-951) providing for pre-sentence hearings in felony cases declares: "If the jury cannot, within a reasonable time, agree on the punishment, the judge shall impose sentence within the limits of the law."

We cannot say that the court acted unreasonably in taking the issue of sentence from the jury and fixing the sentence.

It was not error to overrule the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*