27358.   WATSON v. THE STATE.

SUBMITTED SEPTEMBER 13, 1972—DECIDED OCTOBER 5, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Joel M. Feldman, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney*

*General, Thomas W. Greene, Deputy Assistant Attorney General,* for appellee.

GRICE, Presiding Justice. Clarence Watson appeals from his conviction of armed robbery and sentence of eleven years confinement. He was indicted by the grand jury of Fulton County and was tried in the superior court of that county.

The appellant asserts two enumerations of error: (1) the failure "to charge robbery by intimidation as it was demanded by the evidence and as a matter of law it was a lesser included offense . . ." and (2) overruling his motion for new trial as amended.

■ The Criminal Code of Georgia provides in essential part that "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery." *Code Ann.* § 26-1902 (Ga. L. 1968, pp. 1249, 1298; 1969, p. 810).

The evidence adduced upon the trial in this case, insofar as necessary to recite here, was as follows. Several employees of a bank and two of its customers testified that a man, identified as the defendant, went to a teller's cage, handed his check to the teller with the words "hold-up" written thereon. The teller stated that the appellant took a pistol from his coat pocket, showed it to her, and told her "Do as you are told and you won't get hurt." Although he did not point it at her he kept the gun at his chest during the hold-up. A handwriting expert swore that in his opinion the words "hold-up" were written by the appellant, and two officers of the Police ID Bureau identified seven fingerprints taken from the check as those of the appellant. Upon the trial the appellant offered no evidence and made an unsworn statement denying his presence at the robbery.

The evidence referred to above authorized a conviction of armed robbery as defined in *Code Ann.* § 26-1902, supra,

but did not authorize a conviction of the lesser offense of robbery by intimidation. Therefore, no error was committed in failing to charge such lesser offense. *Hill v. State,* 229 Ga. 307 (191 SE2d 58). See also *Daniels v. State,* 219 Ga. 381 (133 SE2d 357); *Hart v. State,* 227 Ga. 171 (4) (179 SE2d 346); *Smith v. State,* 228 Ga. 293, 294 (185 SE2d 381). Furthermore, no written request to charge was made as to this feature.

■ From the foregoing recital of evidence it is apparent that it amply sustained the verdict.

*Judgment affirmed. All the Justices concur.*