## 27589. TENNEY v. THE STATE.

SUBMITTED DECEMBER 12, 1972—DECIDED JANUARY 5, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, William M. Weller, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. The sole issue for determination here is whether the trial court should have charged the jury as to robbery by intimidation.

The appellant, George A. Tenney, Jr., was indicted by the grand jury of Fulton County for armed robbery, was convicted upon trial in the Superior Court of that county, and was sentenced to twenty years confinement.

His motion for new trial as amended was overruled. It consisted of the general grounds and also special grounds. The latter asserted that he was not apprised of his right of appeal as an indigent, and that the court erred in failing to charge on mistaken identity. The motion also urged that it was error to fail to charge on robbery by intimidation since it was demanded by the evidence and was a lesser included offense as a matter of law.

Enumerated as error is the failure to charge on robbery by intimidation, as aforesaid, and the overruling of the motion for new trial as amended.

1. Since none of the grounds of the motion for new trial have been argued in this court, the enumeration relating to it is deemed to have been abandoned. Supreme Court of Georgia, Rule 18 (c) (2).

2. The remaining enumeration is clearly without merit. A charge on robbery by intimidation was not authorized by the evidence. The undisputed testimony was that the appellant entered a supermarket, pointed a pistol at several of the employees and demanded and obtained about $6,000 from the manager. The appellant's

defense was alibi, that he was elsewhere at a named place at the time of the robbery.

Since the evidence did not authorize a charge on this subject, the trial court properly refrained from giving it. This conclusion is required in view of several recent decisions of this court. *Smith v. State,* 228 Ga. 293, 294 (185 SE2d 381); *Hill v. State,* 229 Ga. 307 (191 SE2d 58); *Watson v. State,* 229 Ga. 573 (192 SE2d 897) and cits.

*Judgment affirmed. All the Justices concur.*