### 27803. HOLCOMB v. THE STATE.

SUBMITTED MARCH 13, 1973 — DECIDED APRIL 25, 1973.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney,* for appellee.

MOBLEY, Chief Justice. The Court of Appeals has requested instructions from this Court upon the follow-

ing question:

"Where the evidence establishes that an accused committed a robbery by the use of an offensive weapon may he or his co-conspirator be convicted of the "lesser included offense" of robbery by intimidation?

"See Section 26-1901 (Ga. L. 1968, pp. 1249, 1298); Section 26-1902 (Ga. L. 1968, pp. 1249, 1298; 1969, p. 810) of the Criminal Code of Georgia. Compare Rider v. State, 226 Ga. 14 (1) (172 SE2d 318), with Hill v. State, 229 Ga. 307 (191 SE2d 58); Watson v. State, 229 Ga. 573, 574 (1) (192 SE2d 897); Tenney v. State, 230 Ga. 49 (195 SE2d 410)."

Code Ann. § 26-1901 provides: "A person commits robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another (a) by use of force; or (b) by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or (c) by sudden snatching. A person convicted of robbery shall be punished by imprisonment for not less than one nor more than 20 years." Ga. L. 1968, pp. 1249, 1298.

Code Ann. § 26-1902 provides: "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. The offense robbery by intimidation shall be a lesser included offense in the offense of armed robbery. A person convicted of armed robbery shall be punished by death or imprisonment for life, or by imprisonment for not less than one nor more than 20 years." Ga. L. 1968, pp. 1249, 1298; Ga. L. 1969, p. 810.

In *Wilson v. State,* 229 Ga. 224 (3) (190 SE2d 78); *Hill v. State,* 229 Ga. 307, supra; *Watson v. State,* 229 Ga. 573, 574 (1), supra; and *Tenney v. State,* 230 Ga. 49, supra, the question for determination by this court was whether evidence which authorized a conviction of armed robbery

required a charge to the jury on robbery by intimidation. In each of the cases this court stated that it was not error to fail to charge on robbery by intimidation since the evidence would not authorize a conviction of that offense. After further consideration of Code Ann. § 26-1902, we are unanimously of the opinion that we were in error in these decisions in holding that the evidence would not *authorize* a conviction of robbery by intimidation. Rather, we should have held that the failure to charge on robbery by intimidation was not error because the evidence did not *demand* a charge on that offense. See *Smith v. State,* 228 Ga. 293, 294 (185 SE2d 381).

The language in the cited cases stating that evidence of robbery by the use of an offensive weapon would not authorize a conviction of robbery by intimidation is expressly disapproved.

Code Ann. § 26-1902 unequivocally provides that robbery by intimidation is a lesser included offense in the offense of armed robbery, and it necessarily follows that evidence authorizing a conviction of robbery by the use of an offensive weapon would authorize a conviction of robbery by intimidation.

*The question certified by the Court of Appeals is answered in the affirmative. All the Justices concur.*