## 28577. BROWN v. CALDWELL.

INGRAM, Justice. Appellant was denied habeas corpus relief in the Superior Court of Tattnall County and remanded to the custody of the appellee-warden to serve a sentence imposed upon appellant in the Superior Court of Thomas County following his plea of guilty in that court on March 1, 1972.

This appeal, from the habeas corpus trial court, challenges the jurisdiction of the Superior Court of Thomas County to accept appellant's original plea of guilty and to impose sentence upon appellant.

The accusation to which appellant plead guilty in Thomas Superior Court charged appellant unlawfully took property from one J. P. King by the use of a butcher knife. Appellant was represented by counsel at the time he entered his plea of guilty and he waived indictment by grand jury on the charge. Pursuant to his plea, the judge of the Superior Court of Thomas County sentenced appellant to serve a term of 15 years. The accusation and sentence designate the offense as armed robbery.

The sole issue presented for decision is whether appellant plead guilty to a capital offense and received a sentence therefor or plead guilty to and was sentenced for a lesser included offense. If appellant plead guilty to, and was sentenced for, a capital offense, the Superior Court of Thomas County lacked jurisdiction and the proceedings are void. This result would necessarily obtain as appellant could not lawfully waive indictment by a grand jury for a capital offense. See *Webb v. Henlery,* 209 Ga. 447 (74 SE2d 7). On the other hand, if the plea of guilty and sentence were entered for an offense less than a capital felony, the plea and sentence are lawful as appellant was represented by counsel and waived grand jury indictment. See Code Ann. § 27-704.

Appellant argues that the record conclusively establishes he plead guilty to, and was sentenced for, the capital offense of armed

robbery. This conclusion is said to be demanded because the offense was denominated as armed robbery on the back of the accusation and on the sentence, and was also recognized as armed robbery in the appellee's answer filed in the habeas corpus case.

The habeas corpus trial court, after a hearing, concluded in its written order denying appellant relief, that appellant plead guilty to, and was sentenced for, the offense of robbery by intimidation, a non-capital offense, rather than armed robbery, the capital offense.

The order of the trial court, in the habeas corpus proceeding, recognizes that evidence of a robbery by the use of an offensive weapon will authorize a conviction of robbery by intimidation. In other words, robbery by intimidation is a lesser included offense of armed robbery. See *Holcomb v. State*, 230 Ga. 525 (198 SE2d 179); Code Ann. § 26-1902.

It is clear, when nothing to the contrary appears, that it must be presumed the plea of guilty is to the lesser included offense. See *Smith v. Strozier*, 226 Ga. 283 (174 SE2d 417). However, in the present case, the designation of the charge in the trial court (and in the appellee's answer in the habeas corpus proceeding), as the offense of armed robbery, rather than robbery by intimidation, made a factual issue for determination by the habeas corpus trial court as to which offense appellant plead guilty and was sentenced. This issue was resolved adversely to appellant in the habeas corpus court. However, the record before this court does not show the habeas corpus trial court considered the transcript of the guilty plea hearing in the Superior Court of Thomas County in resolving this issue.

The accusation and plea in this case authorized conviction for both the offense of robbery by intimidation and armed robbery. The transcript of the hearing in the Superior Court of Thomas County should reveal whether the appellant in fact plead guilty to armed robbery or robbery by intimidation and this transcript should be considered by the habeas corpus court.

While there is a presumption in favor of the regularity and legality of all proceedings in the superior courts (see *Grinad v. State*, 34 Ga. 270 (1), and *Bridges v. State*, 227 Ga. 24 (178 SE2d 861), we believe it fair to the state and the appellant that the cause be remanded for an additional evidentiary hearing on this issue.

*Judgment vacated and remanded. All the Justices concur.*

Submitted January 15, 1974 — Decided February 6, 1974.

*James C. Bonner, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., William F. Bartee, Jr., Assistant Attorneys General,* for appellee.