## 29529. SHEPHERD v. THE STATE.

HILL, Justice.

Appellant and a co-defendant were indicted by the Fulton County Grand Jury in two counts for the armed robbery on April 4, 1974, of a savings bank, one count of kidnapping and two misdemeanor pistol charges. Appellant was tried by a jury on July 9, 1974, was found guilty and received sentences of 17 years imprisonment on Counts 1 and 3, 16 years on Count 2 and twelve months each on the misdemeanors, all to run concurrently.

1. Appellant contends that the trial court erred in allowing hearsay evidence regarding the appellant's buying an automobile and in allowing the state to introduce a bill of sale of this automobile without laying the proper foundation.

The appellant's purchase of this automobile was first mentioned in the opening statement when the district attorney stated that the state would prove that four days after the robbery appellant paid over $1,200 cash for an automobile. Appellant's attorney's objection to this statement was overruled. No motion for mistrial was made at that time.

During the trial the district attorney asked an Atlanta Police Department detective what the detective did in trying to further his investigation after he learned the appellant's name. This witness replied, "Well, sir, we also learned that he had bought a vehicle." Defense counsel objected to this answer and moved for a mistrial. The trial court refused to grant a mistrial but sustained the objection, warned the witness not to volunteer additional information, and instructed the jury "to disregard the statement entirely with reference to . . . the purchase of the car. Don't consider that in your deliberations in this case, it being hearsay and inadmissible at the time."

When the district attorney again asked the detective

what he did after he learned the appellant's name, the witness replied that he went to a used car lot and obtained a bill of sale for a 1968 Cadillac. The bill of sale was identified by the witness and introduced as state's Exhibit 5 over appellant's objection that the proper foundation had not been laid. The witness then testified that he placed a lookout for this car and later that same day located both the car and the appellant, arresting the latter.

Subsequently, upon cross examination by the district attorney, the appellant identified state's Exhibit 5 as the bill of sale for the automobile purchased by him on Monday, April 8, 1974, admitting that he gave an incorrect address at the time of purchase. He testified further that he was out of work but that the money used to purchase the car didn't come from a bank account but was money he had saved and kept at home. No objection was made to this cross examination. Appellant's testimony as to the events surrounding his arrest was essentially the same as the detective's.

From our review of the evidence we do not find that what transpired was so prejudicial as to require a new trial. *Moore v. State,* 228 Ga. 662 (4) (187 SE2d 277); *Ivy v. State,* 220 Ga. 699 (3) (141 SE2d 541).

The bill of sale identified by the detective and his testimony concerning the automobile were relevant for the purpose of explaining the detective's conduct leading up to the appellant's arrest. Code § 38-302; *Estes v. State,* 224 Ga. 687 (1) (164 SE2d 108) and cits. Moreover, by failing to object to cross examination in which he admitted purchasing the car, appellant waived his right to complain that the detective was not the proper person to authenticate the bill of sale. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221). Code § 38-1713 is not applicable to prevent waiver under the facts of this case.

This enumeration cannot be sustained.

2. The appellant was picked out of a lineup and positively identified in court by three employees of the savings and loan branch office he was accused of robbing and by the driver of a truck commandeered by the perpetrators for their get-away after the robbery. He asserts that the trial court erred in failing to give two

requested charges as follows: (1) "I charge you that the identification by a witness of a person is necessarily a matter of opinion. *Wiggins v. Henson,* 68 Ga. 819 (1882); *Jackson v. State,* 148 Gam 519"; (2) "The identity of the defendant must be proven with that degree of moral certainty that amounts to proof beyond a reasonable doubt so as to preclude any probability of a *mistake* having been made. If there is a reasonable doubt as to the identification of the defendant as the person who committed the robberies, then you must acquit the defendant. Salley v. U. S., 353 F2d 897 (1965)."

The trial court charged the jury as to the defendant's presumption of innocence, as to the state's burden of proof, as to the meaning of "beyond a reasonable doubt," and as to the credibility of witnesses. Then the court charged the jury as follows:

"Now, Ladies and Gentlemen, the defendant interposes as a defense in this case that he is the victim of mistaken identity. It is for you, the jury, to say whether under the evidence in the case, the testimony of the witnesses and the facts and circumstances sufficiently identify such defendant as the perpetrator of the crime beyond a reasonable doubt. It is not necessary that the defendant prove that another person committed the offense. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether this defendant is in fact the person who committed the crime. In passing on this issue, you have the right to take into consideration all of the factors previously charged you in regard to credibility of witnesses."

Although the trial court did not charge the exact language requested, the charge given fully covered the issues of identification, mistaken identity and reasonable doubt. Therefore it was not error to fail to give the charges as requested. *McClendon v. State,* 231 Ga. 47 (4) (199 SE2d 904); *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52).

3. Appellant's third enumeration is that the trial court erred in failing to instruct the jury, as requested, on the law of theft by taking, Code Ann. § 26-1802. That Code section provides in pertinent part that a person commits theft by taking when he unlawfully takes property of

another *"regardless of the manner* in which said property is taken. . . " (Emphasis supplied.) The appellant correctly asserts that the language quoted above would of necessity include armed robbery.

We do not agree, however, that every person who commits armed robbery would necessarily be entitled to request and obtain a charge as to theft by taking. The testimony of the victims and eyewitnesses that the robbery was conducted at gun point made out an uncontradicted case of armed robbery. The only evidence presented by the defense was appellant's sworn statement in which he denied taking any part in the robbery. Since the state's evidence clearly warranted a charge on armed robbery as defined in Code Ann. § 26-1902, which was given, and there was no evidence of the lesser offense of theft by taking, there was no error in failing to give the requested charge. *Hill v. State,* 229 Ga. 307 (191 SE2d 58); *Smith v. State,* 228 Ga. 293 (2) (185 SE2d 381); *Tenney v. State,* 230 Ga. 49 (2) (195 SE2d 410). Cf., *Hensley v. State,* 228 Ga. 501 (2) (186 SE2d 729); *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179).

4. The trial court explained the bifurcated trial procedure in the following charge:

"In felony cases, the law provides, ladies and gentlemen, for what is known as a bifurcated or two-stage trial, the rules which are as follows: Where the jury returns a verdict or finding of guilty, the court shall resume the trial and conduct a pre-sentence hearing before the jury, at which time the only issue shall be the determination of punishment to be imposed. In such hearing, subject to the laws of evidence, the jury will hear additional evidence in extenuation, mitigation and aggravation of punishment *including the record of any prior criminal conviction, if any, and pleas of guilty or pleas of nolo contendere by the defendant, if any, or the absence of any such prior criminal convictions and pleas.*

"The jury shall also hear arguments by the defendant or his counsel and the prosecuting attorney as provided by law regarding the punishment to be imposed.

"Upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate instructions and the jury shall retire to determine the punishment to be

imposed. The jury shall fix sentence within the limits prescribed by law at that point. . .

"So, Ladies and Gentlemen, take this alleged case of armed robbery in two counts and kidnapping in one count and carrying a pistol without a license in one count and carrying a concealed weapon in another count and give consideration to all of the facts and circumstances shown to you by the evidence. You consider all of the evidence which has been adduced to you, and if you should believe beyond a reasonable doubt that the defendant in this County did commit the crime as charged in each count of the bills of indictment, you would be authorized to find the defendant guilty. . .

"If you should return such a verdict as guilty, that is, a verdict of guilty, this trial would be resumed for you so that you may determine punishment to be imposed according to the rules of court as I have already given you in this charge." (Emphasis supplied.)

The charge given follows Ga. L. 1973, pp. 159, 162. See Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503) and *Cofer v. Hopper,* 233 Ga. 155, 157 (210 SE2d 678).

The appellant has enumerated this charge as error, contending that it was argumentative and prejudicial in that it accented the possibility of his having a criminal record and placed the burden of proof upon him to show the lack of prior convictions.

In instructing the jury as to the bifurcated trial the court below was acting in accordance with the holding of the Court of Appeals in *McRoy v. State,* 131 Ga. App. 307 (8) (205 SE2d 445), where it was said that the trial court should explain the bifurcated trial proceedings to the jury "in its entirety." Compare *Davis v. State,* 229 Ga. 509 (1) (192 SE2d 253).

We do not agree that the charge given had the effect of placing the burden of proof upon the appellant or was reversible error as to him. On cross examination, appellant was asked how long he had been in Atlanta. Refreshing his own recollection aloud, appellant answered: "I left Ohio in October of '72, because I was released from jail September 5th of '72, and in October, '72, I came back to Atlanta and went to work. . ."

If the court erred in including in its instructions that

during the sentencing proceeding, if any, the jury would hear evidence as to any record of prior criminal conviction, if any, etc., such error would not be prejudicial or harmful as to appellant because he had volunteered that he had spent time in jail. Although being in jail does not necessarily mean that appellant had been convicted or had pled guilty, the court's inclusion of the words "or the absence of any such prior criminal convictions and pleas" served to warn the jury that appellant's statement regarding jail did not necessarily mean he had been convicted or pled guilty.

We find no merit in the appellant's contentions. *Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 20, 1975 — DECIDED APRIL 8, 1975.

*John Thomas Chason,* for appellant.
*Arthur K. Bolton, Attorney General, Lois F. Oakley, Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney,* for appellee.