## 33302. KELLY v. THE STATE.

BOWLES, Justice.

Appellant and a co-defendant were indicted by the Glynn County Superior Court for the armed robbery of Phillip A. Morson. Following a jury trial, a verdict of guilty of robbery by intimidation was returned. Judgment was entered on the verdict, and appellant was sentenced to serve fifteen years in prison.

The evidence presented at trial showed that the victim, Phillip Morson, was hitchhiking in Glynn County when appellant and a companion stopped to give him a ride. Morson was driven to a wooded area near a cemetery and forced at knife-point to surrender his wallet to appellant. Appellant removed fifteen dollars from the wallet; returned the wallet to Morson; and drove away with his companion, leaving Morson in the woods.

1. Appellant challenges the constitutionality of Code Ann. § 38-302, which provides, "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay but as original evidence." Appellant argues that the statute on its face denies him his Sixth Amendment right to confrontation. The constitutionality of the Code section was upheld on this ground in *Harrell v. State,* 241 Ga. 181 (1978). The enumeration of error is without merit.

2. Appellant complains that the trial judge erred in instructing the jury it could find appellant guilty of robbery by intimidation. There was evidence to show that appellant committed a robbery by use of an offensive weapon. Robbery by intimidation is a lesser included offense of robbery by the use of an offensive weapon. Therefore, the jury was authorized to return a verdict of robbery by intimidation. *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179) (1973); *Brown v. Caldwell,* 231 Ga. 677 (203 SE2d 542) (1974). It was not error for the trial judge to so charge.

3. Appellant complains that the trial judge erred in failing to grant his motion for continuance. A motion for continuance addresses itself to the sound discretion of the trial judge, and that exercise of discretion will not be disturbed absent a showing of abuse. Code Ann. § 81-1419; *Campbell v. State,* 231 Ga. 69 (200 SE2d 690) (1973); *Marshall v. State,* 239 Ga. 101 (236 SE2d 58) (1977). We find no error in the trial judge's denial of appellant's motion.

4. Appellant complains that the trial judge erred in failing to give his request to charge on the presumption of innocence. The failure to give requested instructions in

the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. *Young v. State,* 226 Ga. 553 (3) (176 SE2d 52) (1970); *Fox v. State,* 238 Ga. 387 (2) (233 SE2d 341) (1977). The trial judge gave ample instructions on the presumption of innocence, and it was not error to fail to charge in the exact language requested.

5. Appellant complains that the judge refused to charge on his factual theory of the case. The judge charged the law applicable to the appellant's testimony which was his sole defense, and it was not error to refuse to charge in the language requested. *Hudson v. State,* 240 Ga. 70 (3) (239 SE2d 330) (1977).

6. Appellant complains that the trial judge erred in refusing to charge that appellant's testimony was to be considered equal to that of any other witness. We find that the instruction of the trial judge as to the standards which the jury was to apply in weighing the testimony of all witnesses was proper and sufficient. It was not error to refuse to charge in the exact language requested. *Young v. State,* supra.

7. Upon review of the record in this case, we find no error in the trial court's denial of appellant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 14, 1978 — DECIDED APRIL 3, 1978 — REHEARING DENIED APRIL 19, 1978.

*Randall M. Clark,* for appellant.
*Glenn Thomas, Jr., District Attorney, John P. Rivers, Assistant District Attorney,* for appellee.