[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14430
Non-Argument Calendar

_____

D.C. Docket Nos. 6:16-cv-01143-JA-KRS,
6:05-00144-JA-KRS-1

JAMES AVERY, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 30, 2020)

Before JORDAN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

James Avery, Jr., a federal prisoner, appeals the district court's denial of his

28 U.S.C. § 2255 motion to vacate, which he filed after this Court granted him

authorization to file a second or successive such motion.  Avery argues that the district court erred in concluding that he was ineligible for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), from his Armed Career Criminal Act ("ACCA") sentence.  After careful review, we affirm.[1]

## I.     BACKGROUND

A jury convicted Avery in 2005 of knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).  Avery's presentence investigation report ("PSR") recommended that he receive an enhanced sentence under ACCA.  ACCA requires a minimum 15-year prison sentence whenever a § 922(g) defendant has three prior "violent felony" or serious drug convictions. *See* 18 U.S.C. § 924(e).  (Otherwise, the maximum sentence for a § 922(g) offense is 10 years.)  Avery's PSR listed, among others, convictions in 1978 for Georgia armed robbery, Georgia robbery, and Georgia burglary, and in 1987 for Florida armed burglary and robbery with a firearm, committed on the same occasion.  The PSR did not, however, specify which of Avery's prior convictions it relied on in determining that he was subject to the ACCA enhancement.

At the time of Avery's sentencing, ACCA provided three definitions of "violent felony."  The "elements clause" covered any offense that "has as an element the use, attempted use, or threatened use of physical force against the

---

[1] Avery's motion for substitution of counsel is DENIED.

person of another." 18 U.S.C. § 924(e)(2)(B)(i). The next subsection in the statute contained the other two definitions. *See id.* § 924(e)(2)(B)(ii). That subsection defined "violent felony" as any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words made up the "enumerated crimes clause," and the last 15 comprised the catchall "residual clause." The enumerated crimes clause encompassed (and still encompasses) only "generic" versions of the listed offenses—that is, offenses comporting with the way "in which the term [*i.e.*, burglary] is now used in the criminal codes of most [s]tates." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Avery's PSR did not specify which ACCA clause or clauses supported the enhancement.

Avery objected to the ACCA enhancement on the ground that the government had failed to prove he was the person who committed the crimes listed in the PSR. At sentencing, the district court admitted certified copies of records of several of Avery's convictions—so-called *Shepard* documents[2]—including, as relevant to this appeal, his 1978 Georgia armed robbery conviction. The government also presented extensive testimony and numerous exhibits

---

[2] *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

demonstrating that Avery was the person who committed the crimes listed in the PSR's criminal history section.

The district court overruled Avery's objections, adopted the PSR, and imposed the ACCA enhancement. The court stated that the enhancement was based on the Georgia robbery and armed robbery convictions and the Florida armed burglary conviction.[3] The court did not specifically discuss which "violent felony" definition encompassed these convictions. The court sentenced Avery to 210 months' imprisonment.

Avery appealed, challenging his ACCA conviction on the basis that the district court erred by applying it based on prior convictions that were neither admitted nor proven to a jury beyond a reasonable doubt. This Court rejected Avery's arguments on appeal. *See United States v. Avery*, 205 F. App'x 819, 820, 825-26 (11th Cir. 2006) (unpublished).

After Avery's first § 2255 motion—which involved claims not related to the one at issue here—was rejected, the Supreme Court decided *Johnson*, in which it struck down ACCA's residual clause definition of "violent felony" as unconstitutionally vague. 135 S. Ct. at 2557, 2563; *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (explaining that *Johnson*'s holding is

---

[3] The district court erroneously stated that this burglary conviction was from Georgia, but there is no dispute that it is from Florida.

retroactively applicable to cases on collateral review).  Avery sought authorization in this Court to file a second or successive § 2255 motion based on *Johnson*.  *See* 28 U.S.C. § 2244(b)(3).  We granted him that authorization, and he filed his motion to vacate in the district court.  In support of that motion, Avery argued that it was more likely than not that the sentencing court relied on ACCA's residual clause when determining that his Georgia robbery and armed robbery and Florida armed burglary convictions were ACCA predicate offenses.  He also argued that under this Court's precedent, *see United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009), the government had waived reliance on any of his other prior convictions to support the ACCA enhancement.

The government opposed Avery's motion.  As relevant to this appeal,[4] the government argued that this Court's decision in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), precluded Avery's claim.  In *Beeman*, which was decided during Avery's § 2255 proceedings in the district court, this Court held that a § 2255 movant has the burden of proving a *Johnson* claim by showing that (1) the sentencing court "relied solely on the residual clause" in imposing the ACCA enhancement and (2) "there were not at least three other prior convictions that

---

[4] The government also argued that Avery had procedurally defaulted his *Johnson* claim by failing to challenge the validity of ACCA's residual clause during his sentencing and on direct appeal, and that he could not show cause and prejudice to overcome the default.  The district court did not decide Avery's motion on procedural default grounds, and we need not do so either because Avery's claim for relief fails on the merits.

could have qualified under either" of ACCA's other clauses as a violent felony, or as a serious drug offense. *Id.* at 1221. The "key question" is the "historical fact" of whether the defendant was "sentenced solely per the residual clause." *Id.* at 1224 n.5. The government argued that Avery failed to prove either of these elements. First, it argued, the record was silent as to which ACCA clause the sentencing court relied on. Second, the government asserted, six of Avery's prior convictions qualified as ACCA predicates post-*Johnson*.

The district court denied Avery's motion. The district court found that Avery had failed to satisfy either of *Beeman*'s two requirements. Specifically, the court determined that Avery had at least three qualifying predicate convictions under portions of ACCA's violent felony definition unaffected by *Johnson*, rejecting Avery's argument that *Canty* prevented the government's reliance on alternate predicate offenses. These valid predicates, the court found, included his Florida robbery with a firearm conviction, his Georgia armed robbery conviction, and his Georgia burglary conviction. Only the second of these was expressly determined to be an ACCA predicate at Avery's sentencing.

Avery appealed, and this Court granted him a certificate of appealability on whether he met his burden to demonstrate entitlement to relief under *Johnson*.

6

## II.    STANDARD OF REVIEW

In reviewing the district court's denial of a § 2255 motion, we review *de novo* the court's legal conclusions and review for clear error the court's factual findings.  *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc).

## III.    DISCUSSION

Avery challenges the district court's denial of his motion, arguing that he satisfied both prongs of *Beeman*.  First, he argues that he met his burden to show it is more likely than not that the sentencing court relied solely on ACCA's residual clause when determining that his Florida armed burglary conviction was a violent felony.  Second, he contends that none of his other prior convictions qualify under any still-valid ACCA "violent felony" definition.  He argues that the district court erred in concluding that his  Georgia armed robbery and burglary convictions qualified as ACCA predicates notwithstanding *Johnson*.[5]  Because we disagree with Avery's second argument, we conclude that he failed to satisfy *Beeman*, and we do not address his first argument.

As a preliminary matter, Avery acknowledges that any challenge to the district court's conclusion that his Florida robbery with a firearm conviction

---

[5] This Court has rejected Avery's argument that the government waives reliance on other prior convictions to support the ACCA by failing to raise them at sentencing.  *See Tribue v. United States*, 929 F.3d 1326, 1332 (11th Cir. 2019).

qualifies as an ACCA predicate even after *Johnson* is foreclosed by Supreme Court precedent. *See Stokeling v. United States*, 139 S. Ct. 544 (2019). We therefore do not address that conviction further. As to the burglary conviction, Avery argues that the Georgia statute criminalizing burglary in effect in 1978 when he was arrested did not require the use, attempted use, or threatened use of physical force—and so could not qualify under ACCA's elements clause—and was categorically too broad to satisfy the definition of burglary as enumerated in ACCA. Avery's argument is foreclosed by this Court's decision in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), which held that a virtually identical later version of Georgia's burglary statute qualified as a predicate under ACCA's enumerated crimes clause. In *Gundy*, this Court held that Georgia's burglary statute, though broader than the generic definition of burglary, sets out separate crimes based on the location the defendant entered (a dwelling, building, railroad car, vehicle, or watercraft), some of which qualify as ACCA predicates. *Id.* at 1167-68.[6] Avery does not dispute that the burglary of which he was convicted involved burglary of a "building[] housing a business," which, this Court held in *Gundy*, satisfies ACCA's definition. *Id.* at 1168-69. Thus, Avery has not

---

[6] We acknowledge that the Fourth Circuit recently disagreed with *Gundy* and held that Georgia's burglary statute is categorically overbroad and therefore not a valid ACCA predicate. *See United States v. Cornette*, 932 F.3d 204, 213-15 & n.2 (4th Cir. 2019). We, of course, are bound to follow *Gundy*. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

demonstrated that the district court erred in concluding that his Georgia burglary conviction qualified as an ACCA predicate notwithstanding *Johnson*.

That leaves Avery's Georgia armed robbery conviction. Avery acknowledges that the statute under which he was convicted delineates a series of separate robbery crimes, including robbery by intimidation. *See Holcomb v. State*, 198 S.E.2d 179, 180 (Ga. 1973) (citing 1968 Ga. Laws 1249). And the charging document, which the government introduced into evidence without objection at sentencing, demonstrated that Avery committed robbery by intimidation. Robbery by intimidation requires the threatened use of physical force and therefore satisfies ACCA's elements clause. *See In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (construing the federal bank robbery statute, 18 U.S.C. § 2113(a)). Avery's Georgia robbery conviction thus qualifies as a predicate under ACCA's elements clause, and the district court did not err in relying on it.

Even assuming Avery satisfied *Beeman*'s first prong, he failed to meet his burden to show that he lacked at least three prior convictions that qualified as ACCA predicates notwithstanding *Johnson*. *See Beeman*, 871 F.3d at 1221. He therefore is not entitled to relief on his § 2255 motion. *See id.*

## IV.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

9